## SAMUEL A. WHITE v. MANUEL SABARIEGO AND WIFE.

In an action of trespass to try title, a plea that sets up no other fact, than want of registry, and notice of the plaintiffs' title, without putting in issue the plaintiffs' title, or pleading title in himself, is no defence, and cannot avail the defendant.

An alien cannot maintain a suit for land, in this state, unless he be entitled to do so by virtue of the modifications of this general rule, created by our statutes; or the exception in the case of a title conferred on an alien by law, as by statute or treaty.

Where the petition showed that the plaintiffs, claiming land in this state, in an action of trespass to try title, were aliens, residing in the Republic of Mexico, and did not show what rights were accorded to our citizens by the laws of Mexico, as respects real property situated there, (O. & W. Dig. Art. 3, p. 33,) and showed no such title, conferred by law, as would entitle them, as aliens, to sue, the court erred in overruling a demurrer thereto. The petition showing that they were within the general rule, it should have stated the facts which brought them within the exception, or which showed them entitled to maintain the action.

The well settled doctrine of the common law of England, (by which the right of the plaintiff to sue, according to the allegations of the petition in this case, is to be determined,) is, that an alien cannot maintain a real, or mixed action; but it has its exceptions, as well settled as the rule itself. If the title to land be conferred on an alien by law; if by law, as by statute or treaty, he be enabled to acquire by descent, or purchase, and hold land as a citizen, he may maintain any action, in respect to it, which a citizen may maintain.

APPEAL from Goliad.    Tried below before the Hon. Edmond J. Davis.

This was an action of trespass to try title, brought by the appellees, Manuel Sabariego and Pilar his wife, against the appellant, for the recovery of a tract of land, containing one league and a half, in the county of Goliad.

The defendant filed a demurrer to the plaintiffs' petition, and, as special cause thereof, excepted, because it showed the petitioners to be aliens; the demurrer was overruled; a jury was waived; the cause submitted to the court, and judgment for the plaintiff.

The title on which the plaintiffs relied, was granted to Gertrudes Barrera, the mother of Pilar, one of the plaintiffs; the grantee received the title, on the 6th day of August, 1833, from the authorities of Coahuila and Texas; she resided at Goliad, at that time; in 1835, Pilar, the only child of the grantee, was married to the plaintiff, Manuel, at Goliad. In 1834, Francisco Garcia, the husband of the grantee, died at Goliad. The grantee, Gertrudes Barrera, and the plaintiffs, after the commencement of the Texas revolution, removed to, and settled in Matamoras, in the Republic of Mexico, before the declaration of Texan independence, where the plaintiffs had ever since resided, with said Gertrudes, until the death of the latter, in the year 1842. The plaintiffs, since their removal, had never been residents or citizens of Texas. The other facts appear from the opinion.

*S. A. White*, in *propriâ personâ.*—Aliens cannot maintain an action to recover real estate. "An alien cannot maintain either real or mixed actions." (Thomas' Coke, 73, or Co. Litt. 129 b.; Bac. Abr. tit. Alien, D.; also, tit. Uses and Trusts, E. 5, p. 132; Story's Eq. Pl. §§ 54, 724; Mitf. Ch. Pl. 229; 2 Hilliard on Real Property, 272, and n. These authorities are esteemed sufficient, as none are found to the contrary, except where by law aliens are allowed to hold property.

*Robert Hughes*, for the appellees.

WHEELER, C. J.—The defendant did not put in issue the plaintiffs' title, or plead title in himself. The only matter of fact pleaded, was the want of registry, and notice of the plaintiffs' title. But that could be of no avail to him, as he did not plead title in himself. The only question presented for revision is, whether judgment was rightly rendered for the plaintiff, upon the exceptions to the petition.

The petition alleges that the plaintiffs, are "aliens and citizens of the city of Matamoras, in the state of Tamaulipas, in the Republic of Mexico;" and the exceptions bring in question their right, as such aliens, to maintain this action. There is no averment respecting the origin or derivation of the title, but the naked question is presented, whether an alien non-resident, can maintain, in the courts of this state, an action of trespass to try title.

The question, as here presented, must depend upon the right of the plaintiffs at the common law. The constitution of the republic, was superseded by that of the state. The latter contains no provision on the subject, but leaves it to be regulated by the common law then in force, and the statutes. The Act of the 28th of January, 1840, section 14, provided, that "every alien to whom any land may be devised, or may descend, shall have nine years to become a citizen of the republic, and take possession of such land; or shall have nine years to sell the same, before it shall be declared forfeited, or before it shall escheat to the government." (Hart. Dig. Art. 585.) And the 9th section of the Act of the 18th of March, 1848, re-enacts this provision. (Id. Art. 600.) The Act of the 13th of February, 1854, secures to aliens, who are free white persons, such rights as are accorded to our citizens, by the laws of the nation to which the alien belongs. (New. Dig. "Aliens.") We are not informed by the plaintiffs, what rights are accorded to our citizens by the laws of Mexico, as respects real property situated there; and it is quite apparent, that these enactments have no bearing upon the question of the plaintiffs' right, as here presented. The last cited statute provides, that "any alien, being a free white person,

who shall become a resident of this state, and shall, in conformity with the naturalization laws of the United States, have declared his intention to become a citizen of the United States, shall have the right to acquire and hold real estate in this state, in the same manner as if he was a citizen of the United States." (Hart. Dig. Art. 5.) But these plaintiffs are non-residents, and are not within the provision of the statute.

The question, therefore, as we have said, must be determined by the rule of the common law. However the law upon this subject may have been modified or changed in some of the states, by their constitutions, statutes and judicial decisions, (Rouche v. Williamson, 3 Iredell, Rep. 141; Bouv. Law Dic., title "Alien,") there is no doubt, that the well settled doctrine of the common law of England is, that an alien cannot maintain a real or mixed action. It is so expressly laid down in books of undoubted authority. (Co. Litt. 129; Shep. Touchstone, 204.) And the plea of alienage is recognised as a good plea, to the disability of the person, by the common law authorities. (Id.; Roscoe on Real Actions, 197; Littleton, sec. 198; 11 Mass. Rep. 316; 9 Pick. 363; Id. 454.) The plea, that the plaintiff is an alien, interposed to a real action, goes in general to defeat the right of action altogether, upon the ground of public policy, which denies the right of an alien to inherit or hold lands. (Hardy v. De Leon, 5 Texas Rep. 240, and cases cited.) The law will not aid him to recover land to which he can acquire only a defeasible title, and which he cannot hold against the government.

This is the general rule; but it has its exceptions, as well settled as the rule itself. If the title to land is conferred on an alien by law; if by law, as by statute or treaty, he is enabled to acquire by descent, or purchase, and hold land as a citizen, he may maintain any action in respect to it, which a citizen may maintain. Thus, by the constitution of the republic, aliens were allowed to hold land by title, emanating directly from the government. (General Prov., sec. 10.) So, as the division of an empire works no forfeiture of a right of property previously acquired, aliens are entitled to hold the lands they had acquired by de-

scent or purchase before the change of government. (Jones v. McMasters, 20 How. 8, 20, 21.) In these, and other cases, where the law recognises an alien as the rightful owner of the estate, he may convey, lease, and do every other act in relation thereto, and can maintain any action, and have the benefit of any remedy, which the law gives to secure the enjoyment of the property to those whom the law recognises as entitled to its enjoyment. (Hardy v. De Leon, 5 Texas Rep. 239, 240, and cases cited.)

But as the general rule is, that an alien cannot maintain an action to recover land, if the plaintiffs' case is within the exception, since they show by their petition that they are aliens, and within the general rule, they should have stated the facts which bring then within the exception, or which show them entitled to maintain the action. The petition must show upon its face, that the plaintiffs have a good cause of action. But upon the face of the petition it appears that they are aliens; and it does not appear that they hold by a title which the law will recognise. Enough appears to show that, without more, they are incapable of maintaining the action. If, upon the exceptions, we were at liberty to look to the evidence, it might appear that they hold by a title which will enable them to maintain the suit. But the sufficiency of the petition must be determined upon its own averments. Upon these it is insufficient, and the court erred in giving judgment thereon for the plaintiffs.

The judgment must, therefore, be reversed, and as the plaintiff may amend, the cause will be remanded for further proceedings.

Reversed and remanded.