Texas & Pacific Railway Co. v. William Fuller et ux.

No. 1385.

**1. Parties—Married Woman—Action by Wife Alone.**

A married woman who has been wrongfully abandoned and deserted by her husband, may maintain an action for damages for personal injuries to herself, and the fact that she joins her husband's name with her own as plaintiff in the suit is not such error as will authorize a reversal of the judgment.

**2. Limitation—New Cause of Action—Amended Petition.**

Suit was brought in the name of the husband and wife for damages for personal injuries to the wife, and more than a year after the date of the injury a demurrer by the defendant upon the ground that the wife was improperly joined as a party was sustained by the court, and thereupon the wife amended and alleged such facts of abandonment by the husband as gave her the right to sue alone. Held, that the amendment did not set up a new cause of action such as to subject the case to the bar of the statute of limitations of one year.

**3. Practice—Conflicting Evidence.**

On a former appeal of the case the judgment was reversed because plaintiff's own testimony showed that she was guilty of contributory negligence in attempting to cross the track of the defendant railway company without looking or listening for the approaching engine by which she was injured. Upon a second trial of the case plaintiff testified that her evidence on the former trial was not correctly given in

the statement of facts on appeal, and that she did both look and listen for the engine upon going on the track. There was a conflict of testimony among the witnesses as to what her evidence on the former trial was. Held, that the appellate court could notsay that her evidence on the second trial was patently untrue, and the issue having been decided by a jury, the judgment in plaintiff's favor would not be disturbed.

ERROR from Dallas.    Tried below before Hon. EDWARD GRAY.

*Alexander, Clark & Hall*, for plaintiff in error.—1. It is the duty of a person about to cross a railroad track to exercise ordinary care and prudence to ascertain whether cars are approaching or not and to avoid danger, and a failure to exercise such ordinary care and prudence will be such negligence as will prevent a recovery for damages sustained when there was nothing to prevent one about to cross a railroad track from seeing her danger from an approaching engine; and such person heedlessly attempting to step upon a track in front of a moving engine, and being injured, has no cause of action for such injury.    Railway v. Bracken, 59 Texas, 73; Hoover v. Railway, 61 Texas, 503; Hughes v. Railway, 67 Texas, 595; Railway v. Ryon, 70 Texas, 56; Railway v. Kuehn, 70 Texas, 582; Railway v. Porfert, 72 Texas, 344; Artusy v. Railway, 73 Texas, 193; Murray v. Railway, 73 Texas, 2; Railway v. Garcia, 75 Texas, 583; Railway v. Dean, 76 Texas, 73; Railway v. Somers, 78 Texas, 440; Eddy & Cross v. Sedgwick, 18 S. W. Rep., 564; McDonald v. Railway, 22 S. W. Rep., 939; Railway v. Moss, 23 S. W. Rep., 475; Railway v. Watkins, 29 S. W. Rep., 232; Railway v. Fuller, et ux, 24 S. W. Rep., 1090; Railway v. Farrell, 27 S. W. Rep., 942; Railway v. Christian, 27 S. W. Rep., 932; Railway v. Smith, 28 S. W. Rep., 520; Golhard v. Railway, 67 Ala., 114; Railway v. Thompson, 62 Ala., 494; Peck v. Railway, 14 A. & E. Ry. Cases, 633; Fleming v. Railway, 49 Cal., 253; Glasscock v. Railway, 73 Cal., 137; Railway v. Dimmick, 96 Ill., 42; Railway v. Rudel, 100 Ill., 603; Railway v. Still, 19 Ill., 499; Railway v. Hatch, 79 Ill., 137; Railway v. Goddard, 72 Ill., 567; Railway v. Bynam, 80 Ill., 528; Railway v. Bell, 70 Ill., 102; Railway v. Clark, 73 Ind., 168; Wharton on Neg., secs. 382-383; Thompson on Neg., sec. 8, p. 426; Pierce on Railroads, 343; Shear & Red. on Neg., 488; Cooley on Torts, 680; Beach, Cont. Neg., secs. 13 and 182.

2.    All property derived during marriage by reason of a personal trespass committed upon the wife, belongs to the community estate, and in a suit to recover damages for a personal injury done to the wife during marriage, the husband is the only proper party to institute and maintain the action.    There is no exception to the rule allowing the wife to institute and maintain the suit in her husband's name and her own, without his knowledge or consent.    Ezell v. Dodson, 60 Texas, 331; Railway v. Burnett, 61 Texas, 639; Gallagher v. Bowie, 66 Texas, 265; Railway v. Bailey, 83 Texas, 19.

3.    The suit being for the wife's personal injury, community property, it had to be brought within one year from the time the cause of action accrued to prevent it from being barred by the one year statute

of limitation.   The original suit showing a cause of action in William
Fuller, who was not cognizant of the institution or prosecution of the
suit, and as to whom it was a fictitious action, such suit did not stop
the running of limitation; and the trial amendment showing a cause of
action in Mrs. Sarah Fuller was subject to all defences which would
have been good if the suit had then been filed for the first time.  Sayles'
Civ. Stats., art. 3202; Wells v. Cockrum, 13 Texas, 127; Henderson v.
Kissam, 8 Texas, 45; Morales v. Fisk, 66 Texas, 189.

*R. H. Capers* and *John Bookhout*, for defendants in error.—1. The
test of liability as to contributory negligence upon the part of Mrs. Ful-
ler, is whether a prudent person in the same situation, having the knowl-
edge possessed by her, would have acted as she did.   This was clearly
submitted to the jury under the charge of the court, and no objection is
now raised as to said charge; but it is contended that the court should
have instructed the jury to have returned a verdict for the defendant.
Brown v. Griffin, 71 Texas, 654; Railway v. Crosnoe, 72 Texas, 81;
Railway v. Matula, 79 Texas, 582; Railway v. Murphy, 46 Texas, 356;
Railway v. Dorough, 72 Texas, 108; Railway v. Best, 66 Texas, 116;
Railway v. Dyer, 76 Texas, 156; Denham v. Lumber Co., 73 Texas, 83;
Markham v. Navigation Co., 73 Texas, 251; Railway v. Gascamp, 69
Texas, 545; Railway v. Moore, 69 Texas, 157; Railway v. Lee, 70
Texas, 496; Railway v. Porfert, 72 Texas, 349; T. & P. Railway Co.
v. Lowry, 61 Texas, 150; H. & T. C. Railway Co. v. Sympkins, 54
Texas, 615; Railway v. Weissen, 65 Texas, 443; Railway v. Walker, 70
Texas, 126; G., C. & S. F. Railway Co. v. Smith, 87 Texas, 349; I. &
G. N. Railway Co. v. Neff, 87 Texas, 303; I. & G. N. Railway Co. v.
DeBajiligetty, 28 S. W. Rep., 829; Lloyd v. Railway, 31 S. W. Rep.,
110; 29 S. W. Rep., 153; Railway v. Dawson, 62 Texas, 260; Railway
v. Gorbett, 49 Texas, 573; Continental Imp. Co. v. Stead, 95 U. S.,
161; Weber v. Railway, 58 N. Y., 458.

2.   The court did not err in overruling the exception of the defend-
ant railroad company to the petition of plaintiffs, and ordering the suit
to be prosecuted in the name of William Fuller and Sarah M. Fuller.
The fact that the petition alleged sufficient grounds for the permitting
of Mrs. Fuller to prosecute the suit in her own name, would not pre-
vent the suit being prosecuted to judgment in the name of the husband
and wife.   Craddock v. Goodwin, 54 Texas, 578; Cullers v. James, 66
Texas, 494; Ezell v. Dodson, 60 Texas, 331; Gallagher v. Bowie, 66
Texas, 266.

FINLEY, Associate Justice.—This is an action for damages on ac-
count of personal injuries, instituted February 2, 1890, in the name of
William Fuller and his wife, Sarah M. Fuller, against the Texas and
Pacific Railway Company.   The trial resulted in a verdict and judg-
ment for plaintiff in the sum of $2500, from which defendant has pros-
ecuted its writ of error to this court.   This is the second time the cause

has been presented to this court for a revision, and the case will be found reported in 24 S. W. Rep., 1090.

On the trial below, the defendant excepted to the petition, upon the ground that the wife was an unnecessary and improper party; the court sustained the exception, whereupon a trial amendment was filed by Mrs. Fuller, alleging in substance: "That in the month of December, 1888, her co-plaintiff and husband, William Fuller, left their home in the city of Dallas, Texas, as she then believed temporarily, and with the view of returning; that the injury occurred to her in the month of January, 1889, and that at the time of the institution of this suit, she believed that her husband would soon return to their home in Dallas, Texas; but she charges that he never has returned to their said home, nor in any way contributed to her support, and since that time she has never seen him; and she charges that since her said injury, on to-wit, February 15, 1889, he abandoned and deserted her, and has never returned to her. And your petitioner further shows that she is and has been, since 1889, destitute of the means of support; and has no separate estate of her own; and that she is compelled to resort to the community property for her support and maintenance, and with the exception of the damages, to which she is entitled by reason of the injury to her by reason of the negligence of the defendant company, they have no community property or estate. Wherefore, she prays that she be permitted to prosecute this suit in her own name; and she prays for judgment as prayed for in her first amended original petition, filed herein on the 11th day of December, 1889, and she adopts all the allegations in the said petition. Should the court hold that she is not permitted to prosecute this suit in her own name, then she asks to be permitted to prosecute the same jointly with her said husband; and she prays for judgment as in their amended petition filed herein on September 11, 1889."

The defendant below specially excepted to said trial amendment, "(1) because it shows this suit was instituted without the consent of William Fuller; it shows that the suit should be abated; it is uncertain as to the cause of action alleged and is duplicitous, seeking to maintain the suit either as the cause of action of William Fuller and wife, Sarah M. Fuller, or of the said Sarah M. Fuller; it is not certain as to who is the plaintiff. (2) Because there is a misjoinder of parties plaintiff, in this, suit should be maintained in the name of William Fuller, or should be maintained in the name of Mrs. Sarah M. Fuller, with proper allegations showing her right to prosecute the suit in her own name."

Defendant below further plead in answer to said trial amendment, "that the plaintiff Mrs. Sarah M. Fuller ought not to recover upon her cause of action alleged in her trial amendment, filed herein on the 26th day of February, 1895, for the reason it is a new and different cause of action from that sued upon in the original petition and first amended original petition herein, and barred by the statute of limitations of one year, not having been sued upon for more than a year next after the accrual of the cause of action."

The court overruled said special exceptions to said trial amendment, and ordered that the suit proceed in the name of William Fuller and his wife, Mrs. Sarah M. Fuller, to which ruling defendant below excepted.

The first assignment of error is directed at the action of the court in overruling the defendant's special exception to the trial amendment and ordering the cause to proceed in the name of William Fuller and his wife, Sarah M. Fuller. It is urged that the damages sued for, if recovered, would be community property, and that the husband alone was a proper plaintiff, or in case he had abandoned his wife and left her unprovided for, she alone was the proper party plaintiff; that in no event was it proper for the suit to be prosecuted in both names. It is further urged that the pleadings showed that the suit was instituted without William Fuller's knowledge or consent.

It is well established in this State, that ordinarily, the husband alone is the proper party to maintain a suit for community property. It is equally well settled, that the wife may maintain such suit in her own name, when she has been wrongfully abandoned by the husband and left without means of support. Craddock v. Goodwin, 54 Texas, 578; Ezell v. Dodson, 60 Texas, 331; Cullers & Henry v. James, 66 Texas, 494; Gallagher v. Bowie, 66 Texas, 266.

Under the allegations contained in the trial amendment, the wife had the right to maintain the suit in her own name, and her husband's name was unnecessary for the prosecution of the suit. That his name was permitted to remain as a party plaintiff, certainly worked no injury to the railroad company. In Railway v. Helm, 64 Texas, 149, Justice Stayton said: "It is not for every erroneous ruling that a judgment should be reversed; but this should be done only in those cases in which the opposite party has probably been injured thereby. In suits of the character of the present, we are of the opinion that a judgment in favor of the husband and wife does not ordinarily operate to the prejudice of the defendant against whom it is rendered. Such a judgment is as complete a bar against any claim which might subsequently be set up by the husband or wife as would be a judgment rendered in a cause in which the husband was sole plaintiff.

"If the costs be increased by the joinder of the wife when she ought not to be joined, or if a defendant be shown in any other manner to have been prejudiced, then the overruling of an exception based on the misjoinder of parties would be sufficient ground for reversal; but if no such injuries be shown, then the action of the court below in overruling such an exception is not sufficient ground for reversal in cases of this character * * *" This assignment does not present reversible error.

It is urged by the second assignment of error, that the cause of action as presented in the light of the trial amendment, was a new cause of action, and as said trial amendment was filed more than one year after the injuries were alleged to have been inflicted, the action was

barred by the statute of limitation. The only additional facts alleged were those relating to the right of the wife to maintain the suit; the abandonment of the husband, etc. The case had been once tried on the original pleadings, the case appealed to this court, and her right to be a party plaintiff was first challenged upon the last trial. The cause of action was not changed by the amendment, the facts originally alleged were only added to by allegations showing the right of the wife to prosecute the suit. At most, as to the wife, the original petition was defective in failing to set forth the grounds upon which her right to sue was based, and the trial amendment cured that defect. There was no such change in the pleadings as disclosed a new cause of action. The contention is not sound, and the court did not err in refusing to submit the issue of limitation to the jury.

There is but one other question presented for our decision, and that is an issue of fact. Does the evidence establish that Mrs. Fuller was guilty of contributory negligence?

The injury occurred at a place where the railroad is operated along and upon Pacific avenue, a public street in the city of Dallas, and at a point where a street car line crosses said street and railroad. It was shown beyond cavil, that the servants of defendant having in charge a light engine with no cars attached, ran the engine down Pacific avenue at a reckless rate of speed, without giving out any signals of warning, crossing railroad and street car crossings without halt or notice; and while so running, came in collision with Mrs. Fuller, upon the track, and seriously injured her. The carelessness of the operatives of the engine is not questioned. It was shown that Mrs. Fuller had started to market, and in attempting to cross the street and railroad diagonally, she was struck by the engine and injured. She was not warned of the approach of the engine by any signal, and the engine did not make such noise in running as to attract her attention. The track was shown to be open in the direction from which the engine came for nearly half a mile, and an engine might be seen for about that distance. Mrs. Fuller testified that before getting on the track she looked up and down it and saw no engine and heard no noise from one. That she had a nubia thrown loosely over her head, but that it was light and its meshes so large as not to interfere with her hearing. The evidence tended to show that the engine was being run at a speed of thirty miles an hour, and persons seeing it, thought it was a wild engine and running without control. Under this state of facts, can we say, in contravention of the verdict of the jury, that Mrs. Fuller was guilty of contributory negligence? It is contended by counsel for the railway company, that the testimony of Mrs. Fuller touching her acts of caution, is patently untrue, and that we should so treat it. As a basis for this contention, it is urged—first, that she swore upon the former trial that she did not look nor listen before going upon the railroad track. It is true this court reversed this case upon the former appeal, upon the ground that the evidence showed that Mrs. Fuller was guilty of contributory negligence.

The record then before us showed that Mrs. Fuller herself testified that she went upon the track without a thought of danger, and without looking or listening, and with her head wrapped in a nubia covering her ears.   Upon the last trial, Mrs. Fuller testified that her former testimony was not correctly given in the statement of facts used upon the former appeal, and she affirmatively testified that she did both look and listen before going upon the railroad, and neither saw nor heard the engine.   She further explained that the nubia was thrown loosely over her head, and it was light and its meshes so large as not to obstruct her hearing.   Her testimony denying the correctness of the statement of her evidence as contained in the former statements of facts, was sought to be impeached by the testimony of witnesses that she did testify on the former trial that she did not look nor listen before entering the track. This issue of credibility of the witness it was peculiarly the province of the jury to settle, and the verdict settled it in favor of Mrs. Fuller. Unless there is some inherent reason in her testimony itself for setting it aside as untrue, or unless some other conclusively established fact demonstrates the falsity of her testimony, we must, in deference to the verdict of the jury, accept it as true.   It is insisted that it was conclusively shown that the track was open and practically straight for about a half mile, and that the engine could be seen upon the track for this distance, and therefore it must be concluded that Mrs. Fuller could not have looked without seeing the engine.   This inference or conclusion of fact was also a question for the jury, and it must be regarded as settled by the verdict unless the conclusion supporting the verdict can be said to be without any sufficient basis.   Let us analyze the facts and see if this is true.   The railroad was in the public street, and Mrs. Fuller had a perfect right to go upon it; and she had the right to expect that the usual and required signals of warning by an engine running upon the street and approaching crossings would be given. · There is no statute defining what acts will constitute contributory negligence, and the test to be applied is, would an ordinarily prudent person act as did the injured party, under similar circumstances?   No bell was rung or whistle blown to give notice of the approach of the engine.   How far one may rely upon the sense of hearing as a safeguard under such circumstances, is a question for the determination of the jury under the test above stated.   In looking out for danger, the vision is usually directed only to that extent of distance from which danger may reasonably be apprehended.   Objects lying in the direction of the view, but beyond the scope to which it is directed, rarely make an impression upon the mind.   May Mrs. Fuller as she approached the railroad not have listened and looked within reasonable range of danger, without apprehending the approach of the engine?   She could not hear it, perhaps, for the reason that no signals of its approach were given, and it was only a light engine, and made little noise by running.   It does not appear that she looked just as she was about to step upon the track, but that she looked as she was approaching the track.   She might have looked

as she approached the track, within the ordinary range of danger from cars being operated at a reasonable rate of speed and in a cautious manner, while the engine was not in the scope of her vision; and the engine running at the high rate of speed indicated by the evidence, may have had sufficient time after she looked to reach the point of collision while she was on the track.   We cannot say that such was not the fact.

The propositions urged were proper arguments before the jury, but if we should accept them, we would assume the province of the jury and seriously invade the right of trial by jury.   Railway v. Lee, 70 Texas, 496; Railway v. Elliott, 26 S. W. Rep., 455; Railway v. Griffin, 71 Texas, 659-60.

We therefore conclude, as a matter of fact, that the evidence warranted the conclusion reached by the jury, that the defense of contributory negligence was not established by proof.

There are no other issues of fact raised by the assignments of error.

The other facts were proven as alleged, and the injuries sustained authorized the damages assessed.

Judgment affirmed.                                        *Affirmed.*

Delivered March 21, 1896.

Writ of error refused.