EMMA VAUGHN v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Decided February 6, 1904.

**1.—Married Woman—Suit by, Without Husband's Joinder—Community Property—Abandonment.**

A married woman is not entitled to sue alone and without the husband's joinder to recover damages for personal injury to herself, on the ground that the husband has abandoned her for eight years and contributed nothing to her support, where the evidence does not show that the abandonment was through the husband's fault, or that he refused to bring the suit, but does show that their separation was of her own choosing.

**2.—Same—Verdict—Special Issue and General Finding.**

Where the court submitted the case to the jury upon two issues—plaintiff's right to sue without the joinder of her husband, and her right to recover for the alleged negligence of defendant—and directed a special verdict upon her right to sue, and the jury returned a general verdict in favor of the defendant, this included a finding against plaintiff on her right to sue.

Appeal from the District Court of Henderson. Tried below before Hon. John Young Gooch.

*John S. Prince* and *Richardson & Watkins,* for appellant.

*E. B. Perkins* and *Frost & Neblett,* for appellee.

RAINEY, CHIEF JUSTICE.—Emma Vaughn sued the railway company, appellee, to recover damages for personal injuries alleged to have been occasioned to her in alighting from a moving train at a place other than a depot by the negligence of the company's employes.

Plaintiff alleged she was a married woman, and had been permanently abandoned by her husband for more than eight years, and he had not contributed to her support.

Two issues were raised and were submitted to the jury; one the right to sue without being joined by her husband, and the other the right to recover for the alleged negligence of defendant. The court directed a special verdict on the issue of her right to sue, but the jury returned a general verdict for defendant. It is urged that the failure of the jury to return a special finding on the issue of her right to sue is error. Had the court not directed a special finding on the issue of plaintiff's right to sue without being joined by her husband, there could be no question but that the general verdict included a finding on this issue. Immediately following the instruction on this issue and the form of the verdict to be rendered, the court instructed them, "If you find for the defendant, you will so say by your verdict." From this we think the inference is fairly deducible that the jury thought a general verdict was all that was necessary, if they found for defendant, and that they passed upon both issues.

We conclude that the verdict includes a finding against plaintiff on the issue of her right to sue, and that the failure to find specifically, as

the court directed, is not reversible error. The court correctly charged the law on this issue, and the evidence is sufficient to support the verdict.

According to plaintiff's testimony her husband was in Tyler; that they had not lived together as husband and wife for about eight years; that there was no other community property, and that she had been making her own living. She says: "We did not separate; he just kept going back and forth to Tyler; he kept trying to make me go back. We have not been living together as husband and wife for seven years, but he would go back and forth to Tyler. He could not get me to follow him, and he went back and stayed. He is in Tyler; I never asked him about bringing this suit; he doesn't know that I have this suit against the railroad."

This, in our opinion, shows that the separation was not brought about by his fault, at least the evidence fails to show that he was in the wrong; while on the other hand it shows it was of her own choosing. Under the law they are still husband and wife. It is well settled in this State that damages for an injury to the wife during coverture are community property. The general rule is that the husband alone is entitled to sue for the recovery of community property; the exceptions being where the wife has been abandoned by the husband, or the marriage relation has been dissolved by death or divorce. Where the wife has been permitted to maintain an action for community property in this State, it was where she had been abandoned by her husband without her fault. Wright v. Hayes, 10 Texas, 130; Fullerson v. Doyle, 18 Texas, 4; Railway Co. v. Griffin, 55 S. W. Rep., 741; Railway Co. v. Fuller, 13 Texas Civ. App., 151, 36 S. W. Rep., 319. Others might be cited, but these are sufficient.

Upon the other hand it has been held that unless such condition exists, she could not maintain an action for community property. Ezell v. Dotson, 60 Texas, 331; Rice v. Railway Co., 8 Texas Civ. App., 130; Speer on Married Woman, sec. 287.

The evidence does not show that he refused to bring the suit, but shows that he was not approached upon the subject, and, according to plaintiff's testimony, does not even know of the pendency of the suit. In view of the foregoing holding the judgment must be affirmed. In doing so, however, we do not pass upon the other phase of the case.

*Affirmed.*

Writ of error refused.