SALLIE L. PARKS ET AL. v. MINNIE D. WORTHINGTON.

Decided May 13, 1905.

**1.—Parties—Action by Wife—Joinder of Husband.**

An action of trespass to try title can not be maintained by the wife alone where there is no allegation that the husband had failed or refused to sue for her or to join her in the suit.

**2.—Trespass to Try Title—Redemption of Land.**

An action of trespass to try title can not be used to enforce an equitable right to redeem land, but an action for that specific purpose must be brought. See the opinion for averments necessary to be made by a party claiming the right to redeem land from sales made to satisfy incumbrances created before she owned the property.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*M. M. Parks,* for appellants.

*Hugh W. Peck,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee brought this suit against appellant to recover a certain lot of land in the city of Dallas. The original petition set out an action of trespass to try title. By an amended petition appellee attacked for fraud and inadequate consideration a deed made by W. M. Worthington, her husband, to Sallie L. Parks. She also attacked for fraud the sale and deed made by B. R. Parks, as trustee, by virtue of a deed of trust to him as trustee made by W. M. Worthington to secure a note for $400 and interest made by him to Mrs. Caruth; also attacked a deed made to Sallie Parks by one Fannin, constable, by virtue of a judgment and sale wherein B. R. Parks had sued out an attachment and had same foreclosed on the lot. She also alleged that all the foregoing proceedings were had to prevent her from redeeming the lot. She also alleged a willingness to pay such sum as might be necessary to pay the amount of the note secured by the trust deed.

The appellant answered, and after hearing the evidence the trial court directed the jury to find a verdict for plaintiff for the land, she to pay defendant, or into the registry of the court for the benefit of defendant, the sum of $621.52, the same being the amount of claim due by W. M. Worthington to Mrs. Caruth and B. R. Parks, which was accordingly done. This action of the trial court is here for review.

The court erred in instructing a verdict allowing appellee the privilege of redeeming the land, and for this the judgment will be reversed and cause remanded.

Appellee claims the land by virtue of a deed executed and delivered to her by her husband, W. M. Worthington, on the 9th day of March, 1903, in consideration expressed in deed of one dollar and love and affection. This deed was recorded in Dallas County, Texas, April 11, 1903. W. M. Worthington testified that when this deed was executed he told appellee that the land was encumbered.

Appellant, Sallie L. Parks, claims by three separate deeds, executed to her: (1) Deed by W. M. Worthington, executed and delivered to Sallie L. Parks on March 31, 1903, in consideration of $50 cash, and filed for record in Dallas County April 3, 1903. This deed was attacked for inadequacy of consideration and as having been executed in fraud of appellee's rights. (2) Deed made by B. R. Parks, trustee, to Sallie L. Parks on the 2d day of February, 1904, and filed for record March 15, 1904. This deed was made by virtue of a sale under deed of trust executed to B. R. Parks by W. M. Worthington on December 19, 1902, to secure a note executed by said Worthington to Mrs. Caruth for $400 and interest, the principal payable on December 19, 1905, the interest payable annually and in case of default in payment of interest the whole note was to become due and the said trustee was authorized to sell said property. There being default in the payment of the first year's interest when due, the trustee proceeded to advertise and sell said land as provided in said deed of trust, and according to law and made deed to purchaser, Sallie L. Parks, which deed was filed for

record March 15, 1904. This deed of trust was executed before the marriage of W. M. Worthington and Minnie D. Worthington. (3) Deed by H. N. Fannin, constable, to Sallie L. Parks, June 2, 1903. This deed was made by virtue of a sale under a judgment rendered in favor of B. R. Parks for $108 against W. M. Worthington, wherein an attachment lien was foreclosed on said land. This debt was contracted before the marriage of said Worthingtons.

The appellee sued without joining her husband, and no reason is alleged why he did not join her in the suit. The evidence in this case shows that appellee is a married woman, and to exempt her from the recognized rule that her husband must join her in the suit she should have alleged that her husband had failed or refused to sue for her or to join her in the suit. Without bringing herself, by pleading, within the recognized exceptions authorizing her to prosecute the suit, she can not maintain it. (Speer's Law of Married Women, sec. 298.)

To entitle the appellee to the right to enforce redemption of the land it is necessary to sue for that purpose, and in her petition to allege such equities in her favor as will authorize a recovery. The right to redeem can not be enforced in an action of trespass to try title. An action for that specific purpose must be brought. (Pierce v. Moreman, 84 Texas, 596; Groesbeck v. Crow, 85 Texas, 200.)

It is doubtful whether the petition of appellee can be considered anything more than an action of trespass to try title. The allegations set out defects in the three several deeds, or in the proceedings that lead up to their execution, under which appellants claim title to the land, which, if proven might have defeated appellants' title and authorized the setting them aside, but there is no allegation that by reason of these appellee was prevented from paying the note secured by deed of trust before the foreclosure, or paying the debt upon which the attachment was issued, and judgment of foreclosure had and sale thereunder. Nor was it alleged that she did not know of the foreclosure and sales thereunder and that had she known of the said debts she would have paid them off before sale. There is no assignment relating to the character of the petition, but the defects pointed out appear to be vital, and attention is called thereto n view of another trial.

The evidence fails to disclose any defects as to the proceedings under the trust deed, and in those terminating in the sale by the constable. These sales placed the title to the land in Sallie L. Parks and prevent a recovery by Mrs. Worthington, unless she shows such equities as will authorize her to redeem. Whether or not such equities exist was a question for the jury.

Whether or not the deed to the land from W. M. Worthington to Sallie L. Parks was made in fraud of Mrs. Worthington's right and whether the consideration was inadequate, were questions for the consideration of the jury under the circumstances, and should have been submitted to the jury under appropriate instructions by the court.

The judgment is reversed and cause remanded.

*Reversed and remanded.*