## WESTERN UNION TELEGRAPH CO. v. OWINGS.

### No. 862.

Court of Civil Appeals of Texas. Eastland.
May 8, 1931.

Cooper & Lumpkin, of Amarillo, for appellant.

Carl Rountree, of Lamesa, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of the appellee against appellant for $500 damages found to have been suffered by her on account of the alleged negligence of appellant in the delivery of a telegram. Since we have concluded that appellee's petition failed to state a cause of action, and that the general demurrer of appellant should have been sustained, a full statement of the issues involved on the merits will not be made. The telegram made the basis of the suit was set out in the petition and was as follows:

"Post, Texas, Mar. 12, 8:48 a.
"W. F. Owings, Lamesa, Texas.
"Mother will be buried at Anson three-thirty today.
"J. B. Butler, 9:03 a."

The petition alleged: "That at the time of the delivery of said message aforesaid to the defendant, its servants and employees, at Post, the said J. B. Butler then and there informed said employees of defendant that the mother mentioned in said telegram was his mother and that W. F. Owings was his brother-in-law and the husband of his sister, Mrs. Mattie Owings, plaintiff herein. * * *" At another place in the petition it was alleged: "That the plaintiff and her husband have lived in Lamesa some time and have resided in the eastern part of said city for several months prior hereto."

■ W. F. Owings did not join his wife as a party plaintiff. No reason is assigned in the petition for his failure to do so, and no facts are pleaded entitling Mrs. Owings to prosecute the suit alone. The transcript contains an order overruling appellant's general demurrer, and error is assigned to this ruling. It is well settled that damages for personal injuries suffered by a married woman is community property. Ezell v. Dodson, 60 Tex. 331; Loper v. Western Union Tel. Co., 70 Tex. 689, 8 S. W. 600; Western Union Tel. Co. v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; Vaughn v. Ry. Co., 34 Tex. Civ. App. 445, 79 S. W. 345; Western Union Tel. Co. v. Campbell, 36 Tex. Civ. App. 276, 81 S. W. 580; Northern Texas Traction Co. v. Hill (Tex. Civ. App.) 297 S. W. 778; Teague v. Fairchild (Tex. Com. App.) 15 S. W.(2d) 585.

■■ The general rule is that a wife cannot maintain a suit for community property. Facts may exist which entitle her to do so, but, where her petition discloses on its face that she is a married woman, and fails to plead any facts showing her right to maintain the suit alone, the petition is subject to a general demurrer. McIntire v. Chappell, 2 Tex. 378; May v. Slade, 24 Tex. 205; Buffalo Bayou Ship Channel Co. v. Bruly, 45 Tex. 6; White v. Sabariego, 23 Tex. 243; Parks v. Worthington, 39 Tex. Civ. App. 421, 87 S. W. 720; Dowlin v. Boyd (Tex. Civ. App.) 284 S. W. 636; Youngs v. Youngs (Tex. Com. App.) 26 S.W.(2d) 191, and authorities there cited; Speer's Law of Marital Rights (3rd Ed.) § 527.

■ Not all the cases above cited are cases in which a married woman was plaintiff, but they well illustrate the rule that, where a petition discloses facts which, as a general rule, incapacitate the plaintiff to bring the action, such petition is subject to a general demurrer, unless it goes further and pleads facts showing the plaintiff was authorized to bring the action under some recognized exception to the general rule.

Appellee relies on the line of cases which hold that, where a woman's incapacity does not appear on the face of the petition, the question cannot be reached by a general demurrer. We have not that situation in this record. The petition affirmatively discloses that the plaintiff is a married woman, the wife of W. F. Owings, and no facts are pleaded authorizing her to maintain the suit alone.

Were we to consider the facts established upon the trial of the case, we would sustain the assignment complaining of the action of the court in rendering judgment, for the facts affirmatively disclose that appellee and her said husband were still husband and wife on the day the case was tried, and no facts warranting her to maintain the suit alone were testified to.

■ Appellant insists that we consider other assignments and reverse and render the judgment of the trial court. Manifestly we cannot do this. "If she was not before the court in a manner that authorized her suit, she was not there for the purpose of a judgment against her." Bennett v. Gillett (Tex. Civ. App.) 57 S. W. 302, 303. We therefore do not pass upon any other assignments of appellant.

Reversed and remanded.