## TEXAS CITIES GAS CO. v. MARTINEZ.
### No. 3156.

Court of Civil Appeals of Texas. El Paso. May 2, 1935.

Rehearing Denied May 23, 1935.

Turney, Burges, Culwell & Pollard, and J. F. Hulse, all of El Paso, for appellant.

F. C. Vowell and F. C. Knollenberg, both of El Paso, for appellee.

PELPHREY, Chief Justice.

Prior to June, 1930, Soledad Rangel de Martinez, her husband, Jesus R. Martinez, her daughter, Gloria Martinez, and her mother, Maria de Jesus C. Vda. de Rangel, were all living up stairs in a building located at 1309 Magoffin avenue, in the city of El Paso, Tex.

Early in that year Jesus R. Martinez left and went to live with his mother who also lived in El Paso, Tex. In the latter part of 1931, Mrs. Martinez, her mother, and daughter moved down stairs in the same building. There appears in the record a certificate of deposit issued by appellant to the mother of appellee dated September 21, 1928, and her address was given as 1311 Magoffin avenue.

There also appears in the record an application for gas service at 1307 Magoffin, dated 12/28/31, and signed by appellee's mother. In the house at 1307 Magoffin there was a living room, four bedrooms and a kitchen, the living room being in front, the kitchen in the back and the four bedrooms in between.

In February, 1933, two employees of appellant, while making a meter inspection, found that the gas being consumed by two heaters located in the bedrooms was not passing through the meter. Appellant then discontinued the furnishing of gas to appellee, and this suit is for damages alleged to have been occasioned by such discontinuance, which appellee claims to have been wrongful.

Appellant's defense was predicated upon the proposition that it was appellee's duty to have proper piping for the reception of the gas, and that, upon discovering a by-pass through which appellee was receiving unmetered gas, it had the right to cut off the gas supply until proper piping had been installed.

Upon several special issues the jury found that appellant cut off the gas supply from appellee's premises; that the heaters in the bedrooms were connected with unmetered gas; that appellee had no knowledge of such connection; that the gas pipe leading from the property line to the meter did not belong to appellant; that appellant did not make demand upon appellee for payment of the unmetered gas used by her before cutting off the gas; that appellee suffered actual damages in the sum of $250 as a proximate result of appellant cutting off her gas supply; that appellee did not fail to minimize her damages; that appellant acted with malice in cutting off the gas; that exemplary damages in the sum of $175 should be allowed; and that

appellee used unmetered gas of the value of $25.

Upon such findings, judgment for $245 was rendered against appellant, and this appeal followed.

### Opinion.

Appellant presents thirteen errors upon which a reversal is sought, but we shall not attempt to discuss all of them here.

■ Its eighth assignment complains of the submission of question No. 6.

Among the objections urged was the following: "The charge in connection with said issue also permits the jury to assess damages for pain and suffering by reason of cold, which plaintiff might have endured after the time said gas was cut off. This is erroneous and should not be permitted in said issue, or charged in connection therewith for the reason that the undisputed evidence is to the effect that the only gas appliances in plaintiff's residence furnished with metered gas was the kitchen range, and that the gas heaters which supplied plaintiff · with heat were supplied with unmetered gas, and that the pipes at said house were not so arranged as to induct metered gas into said heaters, and that there was no duty upon the defendant to rearrange the gas pipes at plaintiff's residence so as to convey metered gas into said gas heaters, and therefore plaintiff was not entitled to any gas in said gas heaters without first having arranged said heaters and the piping leading to them so that said heaters would have been served with metered gas instead of unmetered gas, and there is no proof that this was done by plaintiff. The result therefore, is that plaintiff for a period of thirteen months received free gas with which she warmed herself and now seeks to recover damages for this same gas having been cut off. All of which is unwarranted by the evidence before the court and the jury should have been specifically instructed that she was not entitled to any such damages."

This objection was, we think, well grounded. The only physical suffering shown by the record was brought about by the lack of heat in the bedrooms, and the heat which had theretofore been used by appellee and her family was that which came into the bedrooms through the by-pass, and for which appellee had paid nothing. It certainly cannot be said that appellant had ever contracted, either expressly or impliedly, to furnish appellee gas in such manner that it could not be measured, and we fail to see how appellant can be charged with damages resulting from a discontinuance to furnish gas to appellant free of charge. By reason of the fact that appellant's agents, whether with or without authority, had removed the by-pass, and that therefore the gas could have been furnished to appellee for cooking purposes without any of it being unmetered, it is possible that she might, under the facts then existing, have a right to demand that gas be furnished her for her kitchen range, but there certainly was no duty resting upon appellant to make connections into her bedrooms for the purpose of heating them. The charge was subject to the objection urged, and the giving thereof was such error as calls for a reversal of the judgment.

■ The evidence on the plea in abatement does not appear to have been fully developed. We shall not here discuss the sufficiency of it. The wife can sue to recover the community property where she has been abandoned by the husband; where the husband has been imprisoned and such imprisonment amounts to an abandonment; where, for reasons of public policy, he could not maintain the action; or where their interests are antagonistic. 23 Tex. Jur. § 286, pp. 326, 327; Ezell v. Dodson, 60 Tex. 331; Vaughn v. St. Louis Southwestern Ry. Co., 34 Tex. Civ. App. 445, 79 S. W. 345 (error refused); Davis v. Davis (Tex. Civ. App.) 186 S. W. 775 (error dismissed). The abandoning must be done by the husband, and where the wife abandons the husband or forces him to leave, such right would not arise.

Being of the opinion that the judgment must be reversed and the cause remanded, we shall refrain from a discussion of the remaining assignments.

**Reversed and remanded.**