Affirmed and Memorandum Opinion filed September 23, 2003









Affirmed
and Memorandum Opinion filed September 23, 2003.

 

 

 

                                                                                                                                                            

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-00297-CV

____________

 

ELBAR INVESTMENTS, INC., Appellant

 

V.

 

JOEL WILKINSON, E. LORENE BYLES,
WAYNE M. BYLES, CATHERINE BYLES, AND CHASE MANHATTAN MORTGAGE CORPORATION, Appellees

 



 

On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 96-58443

 



 

M
E M O R A N D U M   O P I N I O N

This
appeal stems from a directed verdict granted in favor of Joel Wilkinson, E.
Lorene Byles, Wayne M. Byles,
Catherine Byles, and Chase Manhattan Mortgage Corp.,
in a trespass-to-try-title suit. 
Appellant Elbar Investments, Inc. (AElbar@)
claims in two points of error that the trial court erred in (1) granting appellees= motion for directed verdict; and
(2) awarding attorney=s fees to appellees
E. Lorene Byles and Chase Manhattan Mortgage
Corporation (AChase@). 
We affirm.

 








Relevant
Factual and Procedural Background

The
real property constituting the basis of this appeal is a home located at 10125
Chadwick, Jacinto City, Texas.  Two liens
encumbered the property.  The senior
lien, a home mortgage, was the subject of a foreclosure sale.  The junior lien was a judgment lien stemming
from a personal judgment against Wayne Byles. 

Appellees Wayne and Catherine Byles purchased the subject property in Harris County for
$31,400.  They secured financing from
Norwest Mortgage, which took a first lien on the property.  Norwest subsequently assigned its interest to
GMAC Mortgage.  Wayne and Catherine
conveyed their interest in the property by quitclaim deed to John Byles in December 1994. 
John assumed liability on the mortgage. 
He defaulted in payments on the mortgage in May 1996.  Appellee Joel
Wilkinson purchased the first lien and note from GMAC for $15,881.61, and
subsequently appointed a substitute trustee.

The
substitute trustee prepared and recorded a notice of sale on the property.  He filed notice in the Harris County Real
Property Records and posted it in the Family Law Center.  The notice incorrectly stated the date of
sale would be July 2, 1991, at the Dallas County Courthouse.  In actuality, the foreclosure sale occurred
on September 3, 1996, at the Harris County Family Law Center.  Wilkinson purchased the property for
$15,881.61.  One month later, in October
1996, Wilkinson sold the property to Wayne=s mother, appellee
Lorene Byles, who had been residing at the property
continuously since its original purchase in 1985.

As
noted above, the junior lien was the result of a personal judgment against appellee, Wayne Byles.  In 1988, a personal judgment was entered against
Wayne in favor of Fish Oil Well, which then assigned its interest in the
judgment to Elbar in June 1996.  Elbar purchased a
constable=s deed of property subject to any
senior liens, for $970.00.  Elbar tendered no payments toward the senior lien.  








After
learning of the September 3, 1996 foreclosure sale, Elbar
brought suit seeking declaratory relief to obtain title and damages for
conspiracy against all defendants, except Chase.  Lorene counterclaimed, seeking to quiet title
to the property and to recover attorney=s fees.  The trial court granted appellees=
directed verdict, finding Elbar did not have standing
to challenge the foreclosure sale. 
Further, the trial court quieted title as to Lorene and granted attorney=s
fees to Lorene and Chase.  This appeal
followed.

Directed
Verdict

In
its first point of error, Elbar contends the directed
verdict granted in favor of appellees was
improper.  A directed verdict is proper
when (1) a defect in the opponent=s pleadings make them insufficient
to support a judgment; (2) the evidence conclusively proves a fact that
establishes a party=s right to judgment as a matter of
law; or (3) the evidence offered on a cause of action is insufficient to raise
an issue of fact.  M.N. Dannenbaum, Inc. v. Brummerhop,
840 S.W.2d 624, 629 (Tex.
App.CHouston [14th Dist.] 1992, writ denied); McCarley v. Hopkins, 687 S.W.2d 510, 512 (Tex. App.CHouston [1st Dist.] 1985, no writ).  In reviewing a directed verdict, we must
consider all of the evidence in its most favorable light in support of the
party against whom the verdict was instructed. 
Henderson v. Travelers Ins. Co., 544 S.W.2d 649, 650 (Tex.
1976).  If there is any conflicting
evidence of probative value on any theory of recovery, the issue must go to the
jury.  White v. S.W. Bell Tel. Co.,
651 S.W.2d 260, 262 (Tex. 1983).








Elbar challenges the trial court=s
determination that Elbar lacked standing to challenge
the foreclosure sale.  A junior lienholder takes an interest in the property subordinate to
the interests of the senior lienholder, and a
foreclosure sale of the senior lien extinguishes that interest.  See Diversified Mortgage Investors v.
Lloyd D. Blaylock Gen. Contractor, Inc., 576 S.W.2d 794, 806 (Tex. 1978); First
Nat=l Bank in Dallas v. Whirlpool Corp. 517 S.W.2d 262, 269 (Tex.
1975).  As a general rule, only the
mortgagor or parties in privity with the mortgagor
may contest the validity of a foreclosure sale under the mortgagor=s
deed of trust.  Estelle v. Hart, 55
S.W.2d 510, 513 (Tex. Comm=n
App. 1932, judgm=t adopted); Mercer v. Bludworth, 715 S.W.2d 693, 698 (Tex. App.CHouston [1st Dist.] 1986, writ ref=d
n.r.e.), overruled on other grounds, 801
S.W.2d 890 (Tex. 1991).  A subsequent
purchaser or junior lienholder may collaterally
attack the sale only if it is entirely void. 
Estelle, 55 S.W.2d at 513. 
A party having no privity with the mortgagor
may not complain of irregularities that would render the sale merely voidable,[1]
including complaints regarding the manner of notice.  See Tex. Osage Coop. Royalty Pool v. Crighton, 188 S.W.2d 230, 233 (Tex. Civ.
App. 1945, writ ref. w.o.m.). 

Elbar complains that it did not receive
notice of the sale and that the posted notice was defective.  However, there is no requirement that
personal notice be given to those who were not parties to the deed of
trust.  Am. Sav.
& Loan Ass=n v. Musick, 531 S.W.2d 581, 588 (Tex.
1975).  Notice of sale is primarily for
the mortgagor=s benefit and the Astrictness
required in following the terms of the power granted by the deed of trust is to
protect the property of the mortgagor, and when he is satisfied no one else can
with reason complain.@ 
Texas Osage, 188 S.W.2d at 233 (quoting Walker v. Taylor,
142 S.W. 31, 33 (Tex. Civ. App. 1911, writ. ref=d)).  A junior lienholder
is not entitled to notice of a foreclosure by a prior incumbrance
or senior lienholder. 
Jones v. Bank United of Texas, FSB, 51 S.W.3d 341, 344 (Tex. App.CHouston [1st Dist.] 2001, pet. denied).  Because Elbar is an
inferior lienholder, it was not entitled to notice of
the sale and has no standing to challenge irregularities in the notice.

Elbar relies upon our holding in Elder
v. Calvery Credit Corporation, No. 14-94-01175-CV,
1996 WL 183954 (Tex.
App.CHouston [14th Dist.] 1996, no writ) (not designated for
publication) to support its claim that it has standing.  Elder, however, does not support Elbar=s position because in that case the
substitute trustee=s deed was found to be void,
as opposed to voidable due to an irregularity,
because the note secured by the senior lien was not in default.  Id. at *3, n. 1.  In contrast, a substitute trustee owes no
duty to a junior lienholder, not even a duty to send
notice of a foreclosure sale.  Id.








To
bolster its standing argument, at oral argument before this court and in its
original petition in the trial court, Elbar alleged
the appellees, except Chase, conspired to deprive Elbar of title and possession of the subject property.  However, Elbar
failed to properly brief this issue on appeal. 
Elbar makes no reference to the conspiracy
claim other than two general references to appellees=
foreclosing with the Aexpress purpose@
of cutting off Elbar=s interest.  Elbar provides no
citations to the record and cites no authority supporting its conspiracy
claim.  Where an appellant=s
point of error is not supported by authorities, contains no citations to the
record, and makes only conclusory arguments, that
point is waived.  Tex. R. App. P.  38.1(h); 
Tacon Mech. Contractors, Inc. v.
Grant Sheet Metal, Inc. 889 S.W.2d 666, 671 (Tex. App.CHouston [14th Dist.] 1994, writ denied).  We do not have a duty to perform an
independent review of the record and applicable law to determine whether the
error complained of occurred.  See
Karen Corp. v. Burlington N. and Santa Fe Ry. Co.,
107 S.W.3d 118, 125 (Tex.
App.CFort Worth 2003, pet. denied). 

We
find that Elbar, as a junior lienholder,
was not entitled to notice of the foreclosure sale and does not have standing
to challenge the sale because of defective notice, which merely renders a
foreclosure sale voidable, not void.  We overrule Elbar=s
first point of error.

Equity
of Redemption

Elbar also complains that the district
court erred in concluding that it possessed no equitable right of
redemption.  The doctrine provides a mortgagor
with a reasonable time to cure a default and require a reconveyance
of the mortgaged property.  Louisville
Joint Stockland Bank v. Radford, 295 U.S. 555,
579 (1935); Scott v. Schneider Estate Trust, 783 S.W.2d 26, 28 (Tex. App.CAustin 1990, no writ).  








To
enforce an equity of redemption, a party must sue for that purpose and plead
such equities that would authorize recovery. 
Parks v. Worthington, 87 S.W. 720, 721 (Tex. Civ.
App. 1905, no writ).  A party must (1)
prove that he has a legal or equitable interest in the property subject to the
mortgage; (2) prove that he is Aready, able or willing to redeem the
properties in controversy by paying off the amount of valid and subsisting
liens to which the properties [are] subject@; and (3) assert the claim before a
foreclosure sale because the equity of redemption terminates once a foreclosure
sale occurs.  Scott, 783 S.W.2d at
28 (citing Houston v. Shear, 210 S.W. 976, 981 (Tex. Civ.
App. 1919, writ dism=d)).

The
trial court properly found that Elbar did not have an
equitable right of redemption.  Elbar acknowledged at trial that it had not paid any amount
to satisfy the first lien; this failure constitutes a waiver of any equitable
remedy.  Vincent Bustamante,
corporate representative of Elbar, testified that Elbar never attempted to pay any moneys with reference to
the first lien while maintaining a junior interest in the property.  Without showing that it stood ready, willing,
and able to redeem the property by satisfying the superior lien, Elbar has no equitable right of redemption. For this
additional reason, we overrule Elbar=s
first point of error.

Attorney=s
Fees

In
its second point of error, Elbar complains of the
trial court=s award of attorney=s
fees to appellees Lorene Byles
and Chase.  Elbar
contends, that absent a justiciable controversy, a
party cannot recover attorney=s fees in a declaratory relief
action.  Chase argues, however, that
under the Texas Uniform Declaratory Judgments Act, the trial court was
authorized to award attorney=s fees.

Under
Texas law, attorney=s fees are not recoverable unless authorized
by statute or by contract.  New
Amsterdam Cas. Co. v. Tex. Indus. Inc., 414
S.W.2d 914, 915 (Tex. 1967); see Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  Section 37.009 of the Texas Civil Practice
and Remedies Code provides, Ain any proceeding under this
chapter, the court may award costs and reasonable and necessary attorney=s
fees as are equitable and just.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 37.009 (Vernon 1997).  Where a claimant has properly invoked the
declaratory judgment statute, either party may plead for and obtain attorney=s
fees.  Hartford Cas.
Ins. Co. v. Budget Rent-A-Car, 796 S.W.2d 763, 771 (Tex. App.CDallas 1990, writ denied). 
The award of attorney=s fees is neither limited to the
plaintiff nor to the party affirmatively seeking relief.  Id.








A
grant or denial of attorney=s fees in a declaratory judgment
action lies within the sound discretion of the trial court.  Oake v.
Collin County, 692 S.W.2d 454, 455 (Tex. 1985). The court=s
judgment will not be reversed on appeal absent a clear showing that it abused
that discretion.  Id.; Texstar N. Am., Inc. v. Ladd Petroleum Corp.,
809 S.W.2d 672, 679 (Tex.
App.CCorpus Christi 1991, writ denied).  The trial court=s discretion has been construed
broadly.  Fuqua v. Fuqua, 750
S.W.2d 238, 246 (Tex.
App.CDallas 1988, writ denied).

The
trial court granted Lorene and Chase $15,000 in attorney=s
fees for services rendered through trial. 
In addition, it granted Lorene $22,000 to cover the costs of appeals
through the Supreme Court of Texas.  Elbar cites City of Houston v. Harris County Outdoor
Advertising Association, 732 S.W.2d 42, 56 (Tex. App.CHouston [14th Dist.] 1987, no writ) and Kenneth Leventhal & Company v. Reeves, 978 S.W.2d 253 (Tex. App.CHouston [14th Dist.] 1998, no writ), to support the
proposition that the granting of attorney=s fees constituted an abuse of
discretion.  We, however, find these
cases distinguishable.  In Houston,
the trial court erred in granting attorney=s fees to a party that was not
entitled to any relief.  Houston,
732 S.W.2d at 56.  Leventhal
also does not support Elbar=s
contention.  There, the trial court
granted attorney=s fees to the plaintiff and this
court reversed, holding the case should have been dismissed as moot because the
plaintiff received nothing of value and attorney=s fees could not be awarded as the
sole relief.  Leventhal,
978 S.W.2d at 258. Here, the trial court granted Lorene declaratory relief by
quieting title to her property.  It also
granted her attorney=s fees as the prevailing party. 

Elbar=s
second point of error is overruled and the trial court=s
judgment is affirmed.

 

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Memorandum
Opinion filed September 23, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.











[1]  The
distinction between Avoid@ and Avoidable@ is essential to our determination.  Unfortunately, courts and practitioners often
interchange the phrases.  AVoid@ means the sale has no legal efficacy and is incapable
of being enforced by law, such as a foreclosure sale of a lien not in
default.  Black=s Law Dictionary 1411 (5th ed. 1979); see Elder, 1996 WL 183954
at *3, n. 1.  AVoidable@ describes a sale that may be avoided, but is not
until the Afatal vice in the transaction has been judicially
ascertained and declared.@  Black=s Law Dictionary 1411 (5th ed. 1979) (citing Slaughter v. Qualls,
139 Tex. 340, 162 S.W.2d 671, 674 (Tex. 1942)).