**Ryan SCOTT, Appellant,**

v.

**DOROTHY B. SCHNEIDER ESTATE TRUST, Appellee.**

No. 3–89–107–CV.

Court of Appeals of Texas, Austin.

Jan. 24, 1990.

Rehearing Denied Feb. 14, 1990.

John M. Kyser, Salmanson, Smith, Travis & Schrager, P.C., Austin, for appellant.

Thomas S. Harmon, Douglas & Elms, Inc., San Antonio, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

SHANNON, Chief Justice.

Appellant Ryan Scott seeks to set aside a take-nothing judgment rendered by the district court of Travis County in his suit for equitable redemption. Appellee is the Dorothy B. Schneider Estate Trust. This Court will affirm the judgment.

The appeal is before this Court only on the transcript as appellant failed to bring forward a statement of facts. From the district court's findings of fact, we summarize the following underlying transactions. In May 1974, the Dorothy B. Schneider Estate Trust conveyed two lots in Austin to Hazel Gully and, in turn, received from her two notes and deeds of trust. About two months later, Gully conveyed the same lots to appellant. Appellant did not assume Gully's notes payable to the Schneider Trust but instead, he executed separate notes and deeds of trust for Gully's benefit.

Gully and appellant arranged for appellant to send his note payments to Gully, and she, in turn, would pay the Schneider Trust in accordance with her notes. Both appellant and Gully made timely payments until sometime between January and May 1987. Appellant continued to send his checks to Gully after this time, unaware that Gully had stopped making payment on her notes to the Trust.

In February 1988, Gully filed bankruptcy proceedings. Gully turned over to the bankruptcy trustee all of appellant's checks sent to her between March and June 1988. In June, Gully submitted to the Trust several checks that appellant had sent to her and that were still in her possession. At that same time, appellant was advised to send all future payments to the Schneider Trust. The Trust received and is holding these checks.

In August, the Schneider Trust served upon Gully a demand for payment of the indebtedness and a notice of foreclosure on the property. The Trust also sent notice to appellant, but its letter was returned, marked "moved, not forwardable." Appellant, nevertheless, learned that the property was posted for foreclosure and filed suit for equitable redemption and also sought ancillary injunctive and declaratory relief.

By two points of error, appellant complains that the district court erred in concluding that appellant possessed no equitable right of redemption. Equity courts

long ago created the equity of redemption doctrine to provide relief against penalties and forfeitures that confronted mortgagors. That doctrine afforded the mortgagor a reasonable time to cure a default and require a reconveyance of the mortgaged property. *Louisville Joint ·Stockland Bank v. Radford*, 295 U.S. 555, 579, 55 S.Ct. 854, 858, 79 L.Ed. 1593 (1935). The equity of redemption doctrine has survived and exists in Texas as a common law equitable action.

■ To enforce an equity of redemption, one must sue for that purpose and plead such equities that would authorize recovery. *Parks v. Worthington*, 87 S.W. 720, 721 (Tex.Civ.App.1905, no writ). First, the party must prove that he has a legal or equitable interest in the property subject to the mortgage. G. Osborne, *Mortgages* § 303 (2d ed. 1970). An equity of redemption may exist in one other than the original mortgagor. Any person who has an interest in the land and who would suffer a loss as a result of foreclosure holds an equity of redemption. *Id.* at § 304; R. Kratovil' & R. Werner, *Modern Mortgage Law and Practice* § 42.02 (2d ed. 1981). One possessing a purely legal right, and not an equitable right, may not redeem. If the redemptioner is other than the mortgagor, title must be derived immediately from the mortgagor; title may not be hostile or independent such as could prevail only on condition that the mortgagor hold no title.

■ Second, the party asserting an equity of redemption must also prove that he is "ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject." *Houston v. Shear*, 210 S.W. 976, 981 (Tex.Civ. App.1919, writ dism'd). The party wishing to redeem must also be willing to pay amounts expended by the mortgagee in association with the default. *Id.*

■ Finally, one must assert his equity of redemption before a foreclosure sale because the equity of redemption terminates once a foreclosure sale occurs. *Willis v.*

*Smith*, 66 Tex. 31, 17 S.W. 247, 248 (1886); *see also Lucky Homes, Inc. v. Tarrant Savings Ass'n*, 379 S.W.2d 386, 388 (Tex. App.1964), rev'd on other grounds, 390 S.W.2d 473 (Tex.1965).

■ After hearing, the district court rendered judgment that appellant take nothing. The district court's dispositive conclusion of law was that appellant had not shown an equitable right of redemption to the two lots. An examination of the findings of fact shows that appellant established two of the requirements: (1) that he possesses an equitable right in the property subject to the mortgage and (2) that appellant by his suit asserted his equity of redemption before the foreclosure sale occurred. Concerning the third requirement, the district court concluded that the Schneider Trust was not required to accept a tender by appellant "in satisfaction of the obligations and indebtedness contained in the said notes." The district court concluded further that appellant's "attempt to tender and tender" was "insufficient" to redeem the property. There are no findings or conclusions explaining why appellant's "attempt to tender and tender" was "insufficient." In the absence of a statement of facts, we presume the existence of facts in support of the conclusion supporting the judgment. *Guthrie v. National Homes Corporation*, 394 S.W.2d 494, 495 (Tex.1965). Accordingly, in the absence of a statement of facts, this Court presumes that appellant failed to prove that he was "ready, able or willing" to redeem the two lots by paying off the full amount of the lots and by paying all expenses incurred by the Schneider Trust in association with the default. *Shear*, 210 S.W. at 981–82. Appellant's points of error are overruled.

The judgment is affirmed.