# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00109-CV

**Frank Smith=s, Inc. and Terry Williamson, Appellants**

**v.**

**Ralph E. Sheffield, Jr., Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY,
NO. 22,160, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The trial court dismissed this cause without prejudice on the basis that it lacked jurisdiction of appellee Ralph E. Sheffield=s claims against appellants Frank Smith=s, Inc. and Terry Williamson. Appellants ask us to reverse the trial court=s dismissal and reinstate the case in the trial court. They allege that the trial court had jurisdiction over Sheffield=s claims because: (1) as a county court at law, the trial court had jurisdiction pursuant to its general jurisdictional statute; and (2) in the exercise of its original probate jurisdiction, it had power over claims incident to the estate of Frank Smith. We will affirm the dismissal.

## BACKGROUND

Frank Leahy Smith, the principal and chief executive officer of Frank Smith=s, Inc. (Athe Corporation@), died in Bell County on July 11, 2000. A few weeks later, Rick Leahy Smith, the named independent executor, filed an application in cause number 22,160 in the county court at law to probate the will of the decedent. On August 18, the trial court signed the order probating the will and authorizing issuance of letters testamentary. Meanwhile, on August 10, 2000, Sheffield filed assorted claims against the Corporation in the 169th District Court of Bell County. Sheffield alleged that the Corporation breached its contract to sell him a restaurant owned and operated by the Corporation. He contended that he negotiated the contract with Frank Smith. Sheffield also argued that the Corporation made fraudulent representations to him regarding the sale. The Corporation answered and filed a plea to the jurisdiction on the ground that, because shares of stock in the Corporation constitute a substantial asset in the estate of Frank Smith, the issues in the suit were ancillary or pendent to Smith=s probate proceedings.[1] The district court granted the plea and dismissed the suit without prejudice. That decision was not appealed.

---

[1] The record reflects that the corporation based its argument on the probate code, *see, e.g.*, Tex. Prob. Code Ann. '' 5(c), (f), 5A(a) (West Supp. 2002), as well as constructions of those provisions in *Bailey v. Cherokee County Appraisal District*, 862 S.W.2d 581 (Tex. 1993), and *Carlisle v. Bennett*, 801 S.W.2d 589 (Tex. App.CCorpus Christi 1990, no writ). These matters are addressed below.

Shortly thereafter, Sheffield filed his claims against the Corporation in cause number 44,380 in the constitutional county court. By agreed order, the case was transferred to cause number 22,160 in the county court at law (hereinafter Athe trial court@).[2] In his first amended petition, Sheffield joined as a defendant Terry Williamson, the daughter of Frank Smith and an officer of the Corporation. According to Sheffield, Williamson tortiously interfered with the contractual and business relationship existing between him and Frank Smith, which Awas the sole cause of the Corporation=s failure to close the sale of the Restaurant.@

Sheffield never amended his pleadings to allege any action against Smith individually or his estate, never joined Smith=s personal representative as a party, and never served Smith=s_executor. Appellants moved for summary judgment, which the trial court granted, rendering judgment in favor of appellants and ruling that Sheffield take nothing on his claims. Sheffield filed a motion for new trial; at the hearing, he apparently_urged an oral motion to dismiss the cause for lack of jurisdiction. The trial court withdrew its judgment and granted the motion to dismiss, determining that the court Alacked subject matter jurisdiction to grant the original summary judgment because the personal representative of the Estate had not been made a party thereto.@ The trial court then dismissed without prejudice Athe separate suit styled Ralph E. Sheffield, Jr. vs. Frank Smith=s, Inc. and Terry Williamson, Defendants, as encompassed in the probate proceeding styled In the Estate of Frank Leahy Smith, Deceased.@[3] This appeal followed.

---

[2] According to Sheffield=s amended petition, jurisdiction was proper in the county court at law pursuant to section 5A(a) of the probate code, Aas the estate of Frank Smith is pending in this Court and this is a case which is >appertaining or incident to an estate= within the meaning of the Probate Code.@ *See* Tex. Prob. Code Ann. ' 5A(a).

[3] In addition, the trial court ordered that it retained probate jurisdiction Aover all other pending matters in this probate proceeding.@

**3**

# STANDARD OF REVIEW

Initially, we note, the position of the parties seems reversed. As Sheffield admits, he Ais in the anomalous position of arguing to sustain the dismissal of his own suit,@ while the appellants urge reinstatement of the action against them. However, the question of jurisdiction is fundamental and may be raised at any time. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985). The fact that the parties here agreed to have the suit consolidated with the probate proceeding is irrelevant; subject matter jurisdiction exists by operation of law only, and cannot be conferred upon the court by consent or waiver. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). Thus, subject matter jurisdiction raises a question of law, which we review *de novo. Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

**The standard by which we review subject matter jurisdiction requires the pleader to allege facts that affirmatively demonstrate the court=s jurisdiction to hear the cause. *See Texas Ass=n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (citing *Richardson v. First Nat=l Life Ins. Co.,* 419 S.W.2d 836, 839 (Tex. 1967)). Our review is guided by the presumption that the trial court accepts the allegations in the petition as true, unless the defendant pleads and proves that they were fraudulently made to confer jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The party asserting the jurisdictional challenge must show that, even if all the allegations in the pleadings are true, there is an incurable jurisdictional defect apparent from the face of the pleadings rendering it impossible for the petition to confer jurisdiction on the trial court. *See City of San Angelo v. Smith*, 69 S.W.3d 303,**

305 (Tex. App.—Austin 2002, pet. denied) (citing *Bybee v. Fireman=s Fund Ins. Co.,* 331 S.W.2d 910, 914 (Tex. 1960)).  **If the face of the petition does not affirmatively demonstrate a lack of jurisdiction, the trial court must liberally construe the plaintiff=s allegations in favor of jurisdiction.**  *Texas Ass=n of Bus.***, 852 S.W.2d at 446;** *Peek v. Equipment Serv. Co.***, 779 S.W.2d 802, 804 (Tex. 1989).**

When reviewing a trial court order dismissing a cause for want of jurisdiction, Texas appellate courts Aconstrue the pleadings in favor of the plaintiff and look to the pleader=s intent.@ *Texas Ass=n of Bus.*, 852 S.W.2d at 446 (quoting *Huston v. Federal Deposit Ins. Corp.,* 663 S.W.2d 126, 129 (Tex. App.—Eastland 1983, writ ref=d n.r.e.)).  Because the trial court in its order determined that it lacked subject matter jurisdiction A[a]fter due consideration of evidence in the pleadings, the motions, the response, . . . and the arguments of counsel,@ **the nature of the issues raised in Sheffield=s challenge to the jurisdiction determines the scope of review.  We are therefore not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issue raised.**  *See Bland***, 34 S.W.3d at 554***; see also Mayhew***, 964 S.W.2d at 928.  Here, the trial court filed findings of fact and conclusions of law.** Findings of fact are not conclusive when the appellate court has a complete reporter=s record of the proceedings because the findings may be reviewed for legal and factual sufficiency of the evidence to support them. *See Catalina v. Blasdel***, 881 S.W.2d 295, 297 (Tex. 1994);** *Tucker v. Tucker***, 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied).  However, the record here does not contain a reporter=s record of the hearing at which the trial court considered Sheffield=s challenge**

5

**to the jurisdiction; therefore, we must presume that sufficient evidence was introduced to support the trial court=s findings of fact and conclusions of law and that the judgment was based upon those findings and conclusions.** *See Scott v. Schneider Estate Trust*, **783 S.W.2d 26, 28 (Tex. App.CAustin 1990, no writ).**

## DISCUSSION

Pertinent to this appeal, the trial court found that: (1) the suit=s claims involved an amount in controversy greater than $100,000; (2) Rick Smith, Frank Smith=s personal representative, had never been joined as a party to the action, either individually or in his capacity as the independent executor of Frank Smith=s estate, and he had never been served with citation; and (3) Sheffield raised in his new trial motion the fact that the trial court=s probate jurisdiction was never properly invoked because the independent executor was never made a party to the suit and served with citation. The trial court concluded that: (1) the amount in controversy exceeded the court=s subject matter jurisdiction and that it can only exercise jurisdiction on a matter Aancillary or pendant to a pending estate@; (2) section 5A of the probate code sets out the probate court=s jurisdiction; (3) an estate is an indispensable party to any proceeding in the probate court; (4) in order to sue an estate, the personal representative of the estate must be made a party to the suit and served with citation; and (5) the court was therefore without jurisdiction over the Sheffield action because the personal representative of the estate was not made a party.

Appellants= first issue is broadly presented as Awhether the Trial Court erred in dismissing this case for lack of subject matter jurisdiction.@ Although appellants break this issue into the two broad arguments stated at the outset of this opinion, appellants present us with six other issues in which they

attempt to challenge the trial court=s findings of fact and conclusions of law.[4] Rather than discuss each issue

separately, we will discuss them in the context of appellants= general arguments, which are that the trial court

erred in sustaining the motion to dismiss because the trial court had jurisdiction to render the summary

judgment based on its probate jurisdiction and its general jurisdiction.

### *The Trial Court=s Probate Jurisdiction*

In the words of the supreme court: ATexas probate jurisdiction is, to say the least, somewhat

complex.@ *Palmer v. Coble Wall Trust Co., Inc.*, 851 S.W.2d 178, 180 n.3 (Tex. 1992). Thus, it is first

necessary to understand the statutory process by which the trial court consolidated Sheffield=s claims with

the probate proceedings in Frank Smith=s estate. The probate code vests general probate jurisdiction in the

constitutional county courts. Tex. Prob. Code Ann. ' 4 (West Supp. 2002). The government code,

however, extends probate jurisdiction to the statutory county courts. Tex. Gov=t Code Ann. ' 25.0003(d)

(West Supp. 2002). Thus, a statutory county court has concurrent probate jurisdiction with the

---

[4] In their second issue, appellants challenge the first finding (as listed above) as being immaterial, or alternatively, as being a mixed finding of fact and conclusion of law supported by no evidence as a finding of fact, or as being clearly erroneous as a conclusion of law. In their third and fourth issues, they challenge, respectively, the second and third findings (as listed above) as being mixed findings of fact and conclusions of law supported by no evidence as findings of fact, or as being clearly erroneous as conclusions of law. Without a complete reporter=s record, challenges to the sufficiency of the evidence cannot succeed. *See Scott v. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.CAustin 1990, no writ).

In their fifth issue, appellants contend that the trial court=s first and fifth conclusions of law are erroneous. In their sixth issue, appellants contend that the trial court=s second conclusion of law is Aerroneous in so far as it limits the Trial Court=s jurisdiction to ' 5A of the Texas Probate Code.@ Finally, in their seventh issue, appellants challenge the third and fourth conclusions of law as being immaterial and therefore erroneous.

constitutional county courtC to the exclusion of the district courtC unless there is also in that county a Astatutory probate court.@ In the latter case, only the statutory probate court exercises probate jurisdiction concurrent with the constitutional county court. *See id*. ' 25.0003(e), (f).

Bell County has no statutorily designated probate court; therefore, the statutory county court exercises original probate jurisdiction. Sitting as a probate court, the county court at law has jurisdiction over the estate of Frank Smith and over claims incident to the estate. Tex. Prob. Code Ann. ' 5(f) (AAll courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate.@). In his pleadings, Sheffield alleged that the court had jurisdiction of his cause of action pursuant to probate code section 5A(a), which provides:

> In proceedings in the constitutional county courts and statutory county courts at law, the phrases Aappertaining to estates@ and Aincident to an estate@ in this Code include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, *all claims by or against an estate, . . . and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.*

*Id.* ' 5A(a) (emphasis added). Appellants rely on this language, as well as *Bailey v. Cherokee County Appraisal District*, 862 S.W.2d 581 (Tex. 1993), to argue that the county court at law had exclusive jurisdiction over Sheffield=s claims because the administration of Frank Smith=s estate was already pending when this lawsuit was originally filed in the district court. Sheffield=s claims, however, are not against Smith=s estate and relate to the settlement of his estate only to the extent that Smith owned stock in the defendant Corporation at the time of his death.

**8**

In *Bailey*, the supreme court was presented with the Aquestion whether a suit to collect ad valorem taxes accruing on estate property during administration is a claim against the estate, properly filed in probate court, or a claim for which heirs are personally liable,@ so that the action could be filed in district court. *Id*. at 582. The supreme court determined that ad valorem taxes accruing during administration are classified as claims against the estate within the statutory definition of Amatters incident to an estate@; therefore, Abecause the ongoing administration in the county court at law sitting in probate was the only probate proceeding pending, that court alone had jurisdiction over matters incident to the estate.@ *Id.* at 585-86. Although the district court has probate jurisdiction in some instances, where the probate proceeding was first filed in the statutory county court, the latter had dominant jurisdiction. *Id*. Here, however, appellants make no argument, cite no authority, and refer us to no evidence in the record by which to conclude that Sheffield=s claims against the Corporation and one of its officers somehow constitute claims Aagainst the estate@ of Frank Smith.[5] Without deciding the merits of the case, we note that although Sheffield and Smith may have negotiated an agreement, the allegations reflect that Smith was acting as an agent for the Corporation. All of Sheffield=s allegations are against the Corporation and another of its officers. And although shares in the Corporation may constitute some of the personal property Frank Smith

_____

[5] The probate code defines Aclaims@ to include Aliabilities of a decedent which survive.@ Tex. Prob. Code Ann. ' 3(c) (West Supp. 2003). AEstate@ denotes Athe real and personal property of a decedent, both as such property originally existed and as from time to time changed in form by sale, reinvestment, or otherwise, and as augmented by any accretions and additions thereto . . . and substitutions therefor, and as diminished by any decreases therein and distributions therefrom.@ *Id.* ' 3(l).

9

owned at his death, Frank Smith=s, Inc. is a separate legal entity and, therefore, not the property of the decedent.  Thus, appellants= reliance on *Bailey* is misplaced to the extent they argue that the trial court had exclusive jurisdiction because Sheffield=s claims constitute Aclaims against the estate.@

The trial court below did not dismiss Sheffield=s cause of action on the ground that it was not a matter Aincident to@ the estate of Frank Smith.  Rather, relying on this Court=s opinion in *Goodman v. Summit at West Rim, Ltd.*, 952 S.W.2d 930 (Tex. App.C Austin 1997, no pet.), the court dismissed on the basis that Aan estate is an indispensable party to any proceeding in the probate court.@ *Id*. at 933.  In *Goodman*, the executor of an estate filed an action to clear title to property she claimed was part of the estate; the decedent had entered into a contract to sell the property before her death, but the purchaser had not accomplished all of the obligations he had to meet before the purchase.  *Id.* at 932.  The purchaser counterclaimed against the executor and another owner of the property for specific performance, as well as filing a third-party action against the City of Austin for not issuing the approvals necessary for him to complete the purchase contract.  *Id.*  The probate court exercised jurisdiction over all of the actions, but later dismissed all claims by and against the estate.  After the estate administration concluded, upon motion by the third-party defendants the court determined that it had no remaining jurisdiction over the third-party claims and dismissed them without prejudice.  *Id*.  We held that the probate court Amay only exercise >ancillary= or >pendent= jurisdiction over a claim that bears some relationship to the estate.  Once the estate settles, the claim is >ancillary= or >pendent= to nothing, and the court is without jurisdiction.@ *Id*. at 933.

Sheffield expands on this holding to argue that Athe probate court=s jurisdiction over matters >appertaining or incident= to an estate *was never properly invoked*.  The personal representative of the

estate was never made a party.@ We agree. After a review of Sheffield=s pleadings and the record before us, we are satisfied that from the face of the record it is apparent that Rick Smith, the independent executor, was never joined as a party to Sheffield=s suit. Appellants do not challenge the trial court=s finding on this point by directing us to contrary evidence in the record. Thus, because the estate=s personal representative, an Aindispensable party,@ was never made a party to this suit, the trial court could not render or enforce a judgment against or binding upon the estate. *See id*. at 933 (AThe estate=s presence is required for the determination of any proceeding that is ancillary or pendent to an estate.@). Further, even if Smith=s personal representative could have been joined, it is unclear to what end. Sheffield urged no claim against Smith or his estate and Smith himself had never been joined as a party. This is not a situation, therefore, in which Smith=s personal representative could simply be substituted for Smith.

Appellants argue that Rick Smith was already a party to the same cause number in which the lawsuit was being litigated; therefore, he did not need to be formally joined and no additional service was required. According to appellants, Sheffield=s claims resided within the Aoverarching jurisdiction@ of the trial court conferred on it by Rick Smith=s filing of the application for probate. We disagree. A county court at law functioning as a probate court does so primarily for the limited purpose of administering decedents= estates. *See generally* Tex. Prob. Code Ann. '' 5, 5A (West Supp. 2002). The trial court had discretion to resolve Sheffield=s claims against appellants to the extent they were necessary to resolve matters Aincident to@ the estate. *See id.* at 934. But the trial court could not exercise that discretion without the presence of the estate=s personal representative as a party to the lawsuit brought by Sheffield. The consolidation of Sheffield=s lawsuit with the estate administration proceeding did not accomplish that purpose.

**11**

Furthermore, we cannot say that the trial court abused its discretion by holding that it lost jurisdiction. *See Sabine Gas Transmission Co. v. Winnie Pipeline*, 15 S.W.3d 199, 201 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (stating issue as whether Aa probate court abuse[s] its discretion by holding that it loses jurisdiction over claims which it has ancillary or pendent jurisdiction when no other claims before the court have any relationship to those claims even though the estate administration is still pending@). Sheffield=s lawsuit was transferred to the probate proceeding because the parties agreed that it was a matter incident to Smith=s estate. However, because there was never any attempt to make it an action incident to the estate by naming the estate or the representative as a defendant, the trial court could decide that its continued entertainment of Sheffield=s claims did not efficiently promote the administration of Smith=s estate, and that those claims should be decided elsewhere.[6] Because the trial court found that it never properly acquired jurisdiction, it was not an abuse of discretion to dismiss without prejudice.

**Appellants attempt to avoid the failure to name the estate representative as a defendant by arguing that** Rick Smith testified by deposition and generally supported appellants=position in the trial court, and as a result the requirements of probate jurisdiction were satisfied. **It is well-settled**

---

[6] Because the estate was never made a party, we reject appellants= argument that the trial court retains probate jurisdiction over Sheffield=s claims because the estate administration is still pending. *Cf*. *Sabine Gas Transmission Co. v. Winnie Pipeline*, 15 S.W.3d 199, 201 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (holding trial court abused discretion *where estate was still party* to probate proceeding when trial court dismissed ancillary and pendent claims).

law that the estate of a decedent is not a legal entity and may not sue or be sued as such. *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex. 1975). Thus, a suit seeking to establish liability against a decedent should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries. *Id.* Appellants cite *Dueitt v. Dueitt,* 802 S.W.2d 859 (Tex. App.—Houston [1st Dist.] 1991, no writ), in which the court declined to invalidate a summary judgment granted on behalf of a decedent=s estate. The plaintiff=s petition in *Dueitt* was brought solely in the name of the decedent=s estate; however, the court noted that the coexecutor of the decedent=s estate attached an affidavit to the petition attesting to the truth of the allegations contained therein. A similar affidavit was attached to a response to a summary-judgment motion. The court concluded that the coexecutor Adid actively appear in his representative capacity on behalf of the party plaintiff in the case@ by Averifying the allegations of the plaintiff's petition.@ *Id.* at 861.

In contrast, a review of the record here shows that Rick Smith did not actively participate in the suit in his capacity as the independent executor of Frank Smith=s estate or in any other legal capacity related to Smith=s estate. *See Supak v. Zboril*, 56 S.W.3d 785, 794 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Rather, he appeared at his deposition only in his capacity as an officer and shareholder of the Corporation and as a fact witness to the events giving rise to the suit. Nowhere in that deposition did he mention his capacity as executor of the estate, much less that he was appearing in such capacity. Furthermore, the record does not contain any pleadings, affidavits, verifications or other evidence showing Rick Smith participated in the case as the **purported representative of Frank Smith=s estate so as to**

**make the judgment binding against him in that capacity.** *See id.* Because we agree with the trial court that neither party joined Rick Smith to the action in his capacity as the independent executor of Frank Smith=s estate, which was necessary for the trial court to exercise its probate jurisdiction over the lawsuit, we overrule appellants= third, fourth, and seventh issues.

*The Trial Court=s General Statutory Jurisdiction*

In their second, fifth, and sixth issues, appellants essentially contend that the trial court erred by limiting its jurisdiction to that conferred upon it by section 5A(a) of the probate code, even though this was the basis for jurisdiction alleged by Sheffield. According to appellants, even if the trial court=s probate jurisdiction fails because Rick Smith was never made a party, the trial court nevertheless had jurisdiction over the lawsuit pursuant to its general jurisdictional statute. Chapter 25 of the government code sets out the jurisdiction of the county courts at law. Section 25.0003(c) provides:

> (c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:
>
> (1) civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory or punitive damages and penalties, and attorney=s fees and costs, as alleged on the face of the petition . . . .

Tex. Gov=t Code Ann. ' 25.0003(c)(1) (West Supp. 2002). We agree with appellants to the extent that a county court at law ordinarily can exercise concurrent jurisdiction over a civil lawsuit like the current controversy pursuant to this statutory authority, regardless of its probate jurisdiction. However, because the

**14**

trial court in this case found that the matter in controversy exceeded $100,000, we must reject appellants=

overall contention.

Appellants argue that the trial court=s finding is immaterial because Sheffield=s

pleadings invoked the trial court=s jurisdiction by stating that the unliquidated damages sought

were Awithin the jurisdictional limits@ of the court. *See* Tex. R. Civ. P. 47(b). Although the trial

court must liberally construe the plaintiff=s allegations in favor of jurisdiction if the face of the

petition does not affirmatively demonstrate a lack of jurisdiction, *see Peek,* 779 S.W.2d at 804, the

trial court had the discretion to consider evidence at the hearing on subject matter jurisdiction.

*See Bland*, 34 S.W.3d at 554. As we noted earlier, we have not been presented with a reporter=s

record of the hearing at which the trial court considered Sheffield=s challenge to the jurisdiction.

Sheffield states in his brief that the trial court considered summary judgment evidence, including

the March 6, 2000, agreement, which formed the basis for the lawsuit, and we must presume that

sufficient evidence was produced to support the trial court=s finding that the suit involves an

amount Agreater than@ its jurisdictional limit. *See Scott*, 783 S.W.2d at 28. We may consider

evidence beyond the face of the pleadings and must do so when necessary to resolve the

jurisdictional issue raised. *See Bland,* 34 S.W.3d at 554. Appellants do not direct us to any

contrary evidence in the record, and therefore fail to satisfy their burden in making a legal

sufficiency challenge in their second issue.

Appellants also challenge the trial court=s factual finding by arguing that in the event the

matter in controversy exceeds the trial court=s jurisdiction, Athe remedy is to reduce the damage award, not

**15**

dismiss the case.@ For support, appellants cite *Picon Transportation, Inc. v. Pomerantz,* 814 S.W.2d 489 (Tex. App.СDallas 1991, writ denied). In *Picon*, the plaintiff=s petition sought recovery of damages in an amount Аnot less than@ $49,860, which was below the then $50,000 jurisdictional limit for the Collin County court at law. *Id.* at 490. The jury awarded the plaintiff $125,000; because the $75,000 in excess of the jurisdictional limit did not accrue as a result of the passage of time, the court held that the trial court erred in rendering this judgment. *Id*. However, because the plaintiff=s last live pleading requested an amount within the jurisdictional limit, the court modified the judgment to reduce the damages from $125,000 to $49,860. *Id*. at 491.

We find *Picon* to be inapplicable to the current controversy. Here, damages were never awarded, and thus there are no damages to reduce. Unlike *Picon*, the trial court considered evidence before trial and determined that the matter in controversy was beyond its jurisdictional limits. The Bell County court at law is a creature of statute, intended by the legislature to be a court of concurrent but limited jurisdiction. *See* Tex. Gov=t Code Ann. ' 25.0003(c)(1). Here, the trial court determined, after a review of the pleadings and the evidence, that it never acquired jurisdiction because the amount in controversy exceeded $100,000. Because appellants make no attempt to direct this Court to evidence that would weigh against the trial court=s finding of fact, we cannot say that the trial court erred by limiting its potential jurisdiction to that set out in section 5A of the probate code. We therefore overrule appellants= second, fifth, and sixth issues. Furthermore, we hold that the trial court did not err in dismissing the case for lack of subject matter jurisdiction and thus overrule appellants= first issue.

*Additional Discussion*

As we noted initially, the parties take reversed positions in this appeal. The appellee, as plaintiff, supports the dismissal of his claims, and the appellants, the defendants below, want the action against them reinstated.

Without regard to the reasons given by the trial court for its action, however, or any legal justification for the trial court=s ruling, we believe that there is a less complicated basis for our decision of this appeal. We will uphold a trial court=s proper ruling even if based upon an erroneous reason. The events here are straightforward. The appellants filed a motion for summary judgment, which the trial court granted, ruling that the plaintiff take nothing on his claims. Appellee filed a motion for new trial and at the hearing moved to dismiss his own cause of action. Within what would constitute its plenary jurisdiction, the trial court set aside its judgment, which it was entitled to do, and granted appellee=s motion to dismiss his cause. The result is that appellee=s cause was dismissed and no action remains pending against appellants.

Even if appellants disagree with the trial court=s reasoning, appellants have not demonstrated that the trial court erred in taking the action it did. For these reasons, as well, we affirm the trial court=s order of dismissal.

## CONCLUSION

We conclude that appellants have not shown that the trial court wrongly dismissed the case for lack of subject matter jurisdiction because the matter in controversy exceeded $100,000 and because the independent executor of Frank Smith=s estate was never properly joined as a party so as to invoke the trial court=s probate jurisdiction. For these reasons and the further reasons stated above, we overrule all of appellants= issues, and we affirm the judgment of the trial court.

**17**

_____

Marilyn Aboussie, Justice

Before Justices Patterson, Puryear and Aboussie[*]

Justice Patterson concurs in the judgment only.

Affirmed

Filed:   January 30, 2003

---

[*]   Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).