# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-20092

———————————

All About Property, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Midland Mortgage, *a Division of MidFirst Bank*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1684

———————————————————————

Before Graves, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This dispute concerns whether Appellant All About Property, L.L.C. ("AAP") may prevent Appellee Midland Mortgage, a Division of MidFirst Bank ("MidFirst"), from foreclosing on a property. AAP contends that the district court should have abstained from ruling on this dispute, and alternatively, erred in granting MidFirst's motion for summary judgment. Finding no error in the district court's rulings, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20092

**I.**

In May 2009, Christopher and Karin Blair received a mortgaged a residential property located at 14618 Tab Lane, Houston, Texas , which is part of the Hunters Valley Homeowners Association ("HOA"). The Blairs received the loan from Iwayloan, L.P. In exchange, the Blairs executed a Note for $168,884.00 that is secured by a Deed of Trust. Since the execution of the Note and Deed of Trust, the loan has been assigned twice: first from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Iwayloan, to CitiMortgage, Inc. ("CitiMortgage"); and second from CitiMortgage, Inc. to MidFirst. MidFirst currently holds the Note and beneficiary under the Deed of Trust.

Over time, the Blairs neglected to pay their HOA assessments and failed to repay the Note. The HOA subsequently obtained an order to foreclose on its assessment lien against the Blairs. At the November 2021 HOA foreclosure sale, AAP purchased the property. Pursuant to the HOA Declarations, the HOA assessment lien was "subject, subordinate, inferior, and secondary to all liens, mortgages and encumbrances."

MidFirst then elected to foreclose on its Deed of Trust lien and scheduled a foreclosure sale for May 3, 2022. But on April 28, 2022, AAP filed this lawsuit in state court and received a temporary restraining order that stopped the sale of the property.[1] AAP's complaint asserted three claims against MidFirst: (1) a claim for a declaratory judgment that MidFirst lacked standing to foreclose; (2) a claim to quiet title; and (3) a claim based on AAP's equitable right of redemption. AAP requested declaratory relief; injunctive relief, including "a **permanent injunction** forever preventing interference

---

[1] AAP originally sued MERS, CitiMortgage, and MidFirst. MERS and CitiMortgage were dismissed from this lawsuit, and only claims against MidFirst remain.

with Plaintiff's status as superior lien-holder"; attorney's fees and costs; and interest on any monetary relief. The action was removed to federal court, and MidFirst later filed a motion for summary judgment.

After Mr. Blair's death in January 2023, MidFirst filed a petition in Texas state court to determine the heirs' rights in the property, as it was required to do under the Texas Estates Code. AAP intervened two months later.[2]

AAP then moved the district court to abstain from ruling on the motion for summary judgment. The abstention motion asked the court to dismiss the federal lawsuit in favor of the state court action or, if not, abate the federal action until the state court action ended. Alternatively, AAP asked the district court to deny MidFirst's motion for summary judgment.

The district court denied AAP's motion for abstention, applying the standard provided by *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). And it granted MidFirst's motion for summary judgment. AAP appealed.[3]

## II.

We review a district court's ruling on a motion for abstention for abuse of discretion. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000). But "[t]o the extent that such a decision rests on an interpretation of law, . . . our review is de novo." *Id.* at 649–50.

We review a grant of summary judgment de novo. *See Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024). "We may affirm for any reason

---

[2] This case is currently held in abeyance.

[3] We previously remanded to the district court to assure ourselves of subject matter jurisdiction. We are now satisfied that subject matter jurisdiction exists.

supported by the record, even if not relied on by the district court." *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 54 (5th Cir. 2008) (citing *United States v. Grosz*, 76 F.3d 1318, 1324 n.6 (5th Cir. 1996)). Summary judgment is proper if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and inferences are construed in the light most favorable to the nonmoving party and all factual disputes are resolved in their favor. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). But "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (citation omitted). "Summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Id.*

## III.

AAP raises three issues on appeal. First, AAP argues that the district court erred in applying the *Colorado River* abstention standard, rather than the abstention standard provided by *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). Second, AAP argues that even under *Colorado River*, the district court erred in declining to abstain. Third, AAP argues that the district court erred in granting summary judgment to MidFirst on AAP's equitable redemption claim.[4] None of these arguments succeeds.

_____

[4] AAP does not challenge the dismissal of its claims for declaratory relief and to quiet title. AAP therefore forfeits these claims. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

No. 24-20092

### A. Abstention

We start with the proper abstention standard.[5] "We apply one of two . . . tests when reviewing a district court's exercise of its discretion to abstain because of the presence of ongoing parallel state litigation." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). When a plaintiff solely seeks declaratory relief, the *Brillhart* standard applies. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009). But "when an action contains *any* claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." *Id.* at 395 (citation modified) (quoting *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n.4 (5th Cir. 2002)). Coercive relief is the "full measure of relief to be accorded between the same parties,"[6] such as "damages, attorney's fees, and injunctive relief."[7]

AAP plainly brought an action seeking coercive relief. As well as a claim for a declaratory judgment, AAP sought injunctive relief through a claim to quiet title or, alternatively, for an equitable right of redemption. *See Scott v. Dorothy B. Schneider Est. Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ) (explaining that the equity of redemption "require[s] a reconveyance of the mortgaged property"). Even AAP acknowledges that its claims for quiet title and equitable relief are "non-declaratory." AAP further seeks an award of attorneys' fees for expenses incurred in bringing this

---

[5] For purposes of this appeal, we assume the existence of "parallel" litigation. *See Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006).

[6] *U.S. Bank Nat'l Ass'n ex rel. CSMC Mortg.-Backed Tr. 2007-03 v. Lamell*, No. 21-20326, 2022 WL 1800860, at *4 (5th Cir. June 2, 2022).

[7] *Southwind Aviation*, 23 F.3d at 951.

action. Based on AAP's coercive claims for relief, the district court correctly applied the *Colorado River* abstention doctrine.

Now to its application. Abstention is proper under the *Colorado River* doctrine only in "exceptional circumstances." *See Kelly Inv., Inc.*, 315 F.3d at 497. That is because the *Colorado River* abstention doctrine "represents an 'extraordinary and narrow exception' to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Black Sea Inv.*, 204 F.3d at 650. It "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (citation omitted) (citation modified).

In determining whether a given case presents the exceptional circumstances that would permit a district court to decline exercising its jurisdiction, we consider six nonexclusive[8] factors:

> (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Brown*, 462 F.3d at 395. "No one factor is necessarily determinative[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). And "[i]n assessing the propriety of abstention according to these factors, a federal court must keep in mind that 'the balance [should be] heavily

---

[8] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 285 (1995).

weighted in favor of the exercise of jurisdiction.'" *Black Sea Inv.*, 204 F.3d at 650 (citation omitted).

The district court determined that the second, third, and fourth factors weighed in favor of exercising jurisdiction. The district court explained that the second factor, the relative inconvenience of the fora, weighed against abstention because the state and federal courts are in the same geographic location. *Id.* The district court additionally explained that the third factor, the avoidance of piecemeal litigation, did not favor abstention because "the party asking [the court] to abstain—AAP—is the party that *filed* this lawsuit and later *intervened* in the state court lawsuit," and "[t]hus, any potential piecemeal litigation was brought on by AAP's actions." *Id.* Lastly, the district court explained that the fourth factor, the order in which jurisdiction was obtained by the fora, weighed against abstention because this action was removed to the district court before the state action was filed and has reached summary judgment. The district court then declined to consider the other three factors, reasoning that the aforementioned factors "weigh heavily" against abstention.

Upon due consideration of the factors and the unique procedural history of this case, we agree that the district court properly exercised its jurisdiction. As the district court correctly noted, both fora are equally convenient to the parties because both courts are in Houston, Texas, and thus the second factor weighs against abstention. *See Black Sea Inv.*, 204 F.3d at 650. Additionally, this action has proceeded all the way to summary judgment, while the state court action has apparently not reached its dispositive-motion stage. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492–93 (5th Cir. 2006) (explaining that the fourth factor, the order in which jurisdiction was obtained, only favors abstention "when the federal case has not proceeded past the filing of the complaint"); *see also Black Sea Inv.*, 204 F.3d at 651 (explaining that this factor evaluates "how much progress has

been made in the two actions" (citation omitted)). Therefore, the fourth factor weighs heavily against abstention.

As to the third factor, the avoidance of piecemeal litigation, we acknowledge that this is not a situation where the state and federal cases involve the same parties and issues, such that proceeding in federal court would yield duplicative, rather than piecemeal, litigation. *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999); *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012); *see also Stewart*, 438 F.3d at 492 (explaining that when litigation is duplicative, "a plea of *res judicata* after the completion of one suit could eliminate [any] problem of inconsistent judgments"). Rather, in the state court action, MidFirst and AAP litigate the same claims (concerning the property), and the claims against Mr. Blair's heirs—who are not parties to this lawsuit. So it is less clear whether abstention would avoid piecemeal litigation here. *See Saucier*, 701 F.3d at 464 ("If the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially, this would weigh in favor of abstention.").

Yet, as the district court acknowledged, AAP created this abstention inquiry, or at least any piecemeal litigation concern, through its own litigation conduct. This too is relevant. *See Wilton*, 515 U.S. at 285 (indicating that the *Colorado River* factors are nonexclusive); *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 17 n.20 (explaining that "vexatious or reactive" litigation conduct can influence the abstention inquiry). AAP filed this action, originally in state court, against MidFirst alone. AAP never moved to amend its complaint to assert claims against the Blairs or their heirs. Then, when MidFirst filed the current state court action as an *in rem* proceeding to determine Mr. Blair's heirs' rights in the property, AAP voluntarily intervened—even though this action was largely "unrelated" to AAP's claims against MidFirst. When it

did, AAP asserted the same claims against MidFirst, along with additional claims against the heirs. AAP then (ironically) asked the federal district court to abstain from ruling in a case that it filed and in which that court could render it total relief against MidFirst. This conduct weighs against abstention.

The fifth factor, to what extent federal law provides the rules of decision-making on the merits, is "at most neutral." *Black Sea Inv.*, 204 F.3d at 651. While this case involves only state-law issues, "the presence of [those] issues [rarely] weighs in favor of [abstention]." *Id.* (citation omitted). And "[w]ithout more, . . . a mere lack of clarity in applicable state law does not counsel in favor of abstention." *Id.* As explained below, while Texas law is ambiguous how a party may exercise the equitable right of redemption, the law is clear enough to make this factor neutral. Likewise, the sixth factor, adequate protection in state court, "can only be a neutral factor or one that weighs against, not for, abstention." *Id.* (citation omitted). Because there is no indication that AAP's interests would not be protected in state court, this factor is neutral. *Id.*

Considering the *Colorado River* factors and the underlying circumstances, and weighing all factors heavily in favor of federal jurisdiction, we conclude that the district court did not abuse its discretion in denying AAP's motion for abstention. *See Stewart*, 438 F.3d at 493 (finding abstention was improper when three *Colorado River* factors favored federal jurisdiction, one favored abstention, and two were neutral).

### B. Equitable Redemption

AAP argues last that the district court erred in granting MidFirst's motion for summary judgment on its equitable redemption claim. The equitable redemption "doctrine afford[s] the mortgagor a reasonable time to cure a default and require a reconveyance of the mortgaged property." *Scott*,

783 S.W.2d at 28. It is an equitable doctrine that provides relief to mortgagors who in turn "do equity." *See Hicks v. Hicks*, 26 S.W. 227, 230 (Tex. Civ. App. 1894, no writ).

To establish an equitable right of redemption, a party must: "(1) prove that the plaintiff has an equitable or legal interest in the property; (2) prove that [it] is ready, willing and able to redeem the property by paying off the amount of valid and subsisting liens to which the property is subject; and (3) assert the claim 'before a foreclosure sale occurs because the equity of redemption terminates once a foreclosure sale occurs.'" *Kafi, Inc. v. Wells Fargo Bank, N.A.*, 131 F.4th 271, 279 (5th Cir. 2025) (quoting *Scott*, 783 S.W.2d at 28). Only the second element is disputed.

The district court determined that there was no genuine issue of material fact that AAP is "ready, willing and able to redeem the property" because AAP never tendered the payment necessary to discharge MidFirst's lien. The district court was not persuaded by a declaration that AAP submitted in response to MidFirst's motion from AAP's owner and manager, Ramesh Arumugam, saying "[AAP] is ready, able or willing to redeem the Property in controversy by paying off the amount of any *valid and subsisting liens* to which the Property is subject." The district court concluded that the "tender of payoff is a prerequisite to AAP's claim for equitable redemption."

AAP argues that the district court erred in "requir[ing] AAP to tender payment on a lien whose validity it was actively contesting," particularly because this is a pre-foreclosure action at the summary judgment stage. Rather, AAP contends that Arumugam's declaration creates a genuine dispute whether it is "ready, willing and able" to redeem the property.

The Texas Supreme Court has not specifically addressed whether a party must actually tender payment to preserve an equitable right of

redemption before trial. Yet after the parties finished briefing this appeal, we issued *Kafi, Inc. v. Wells Fargo Bank, N.A.*, 131 F.4th 271 (5th Cir. 2025).

There, Kafi was a third-party titleholder of a property who sought to prevent Wells Fargo, the holder of the Note and the beneficiary of the Deed of Trust, from foreclosing. *Id.* at 275. Kafi sought a default judgment that Wells Fargo lacked standing to foreclose, to quiet title, and alternatively, a claim for equitable redemption. *Id.* at 275–76. The district court granted summary judgment to Wells Fargo on Kafi's claim for equitable redemption, reasoning that Kafi's failure to tender payment showed that it was not "ready, willing and able" to redeem. *Id.* at 279.

We affirmed, though for somewhat different reasons. *Id.* at 284–85. Recognizing that Texas caselaw requires a party to be "ready, willing, *and* able" to pay the amount due, we concluded that these requirements are conjunctive, not disjunctive. *Id.* at 283. However, to defeat Wells Fargo's motion for summary judgment, Kafi had submitted a declaration, stating that it "is ready, able, *or* willing to redeem the Property in controversy by paying off the amount of any valid and subsisting liens to which the Property is subject." *Id.* The Court reasoned that "Kafi's failure to actually tender the payoff amount prior to the district court's disposition of Wells Fargo's motion *and* the evidentiary shortcomings of [] Kafi's declaration" were insufficient to defeat Wells Fargo's motion for summary judgment. *Id.* at 284. We further reasoned that nothing about this resolution was inequitable, because Kafi could have proffered a declaration expressing its "ability *and* readiness *and* willingness" to tender payment, *id.*, it could have asked the district court to institute a deadline for payment, or it could have deposited the payment in the court's registry pending a decision regarding Wells Fargo's standing to foreclose, *id.* at 284–85.

No. 24-20092

*Kafi* controls here. *See Nelson v. Watch House Int'l, L.L.C.*, 815 F.3d 190, 195 (5th Cir. 2016) (explaining that we are bound by a prior panel's resolution of state law unless subsequent state courts "clearly reject[] our prior interpretation"). As in *Kafi*, AAP has failed to actually tender payment *or* to proffer evidence meeting Federal Rule of Civil Procedure 56's evidentiary requirements. The declaration that AAP submitted from Arumugam merely states that AAP "is ready, able *or* willing to redeem the Property." Under *Kafi*, this is insufficient.

## IV.

The district court properly exercised its jurisdiction over this appeal and granted summary judgment in MidFirst's favor. We AFFIRM.